**Shirley CORBLY, Petitioner and Appellant,**

v.

**William MATHESON, Appellee,**

**and**

**N. Dean Nasser, Jr., Real Party in Interest and Appellee.**

**No. 13731.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 16, 1982.

Decided June 22, 1983.

Shirley Corbly, pro se.

Mark V. Meierhenry, Atty. Gen., Pierre, for appellees; Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, and N. Dean Nasser, Jr., Sioux Falls, on brief.

PER CURIAM.

Appellant appeals from a judgment entered by the circuit court of Minnehaha County denying her application for a writ of prohibition. Appellant's application had requested that Magistrate William Matheson be restrained from enforcing a small claims judgment entered against appellant in July 1980. We affirm.

In the small claims action Magistrate Matheson had awarded judgment to an attorney for his attorney's fees. Appellant did not request that the action be transferred to circuit court. See SDCL 15–39–63, formerly SDCL 15–39–24 (1967). The attorney's request to examine appellant as a judgment debtor under SDCL 15–20–1 precipitated appellant's application for a writ of prohibition.

Appellant contends that she had no plain, speedy, or adequate remedy at law other than a writ of prohibition to prevent the magistrate from acting in excess of his power and authority and enforcing the small claims judgment. See SDCL 21–30–2. Appellant advances three arguments for her conclusion that the magistrate exceeded his authority: (1) The magistrate should have disqualified himself because he was a member of the same county and state bar association as the attorney who was awarded the small claims judgment; (2) Her right to equal protection under the U.S. Constitution was denied because no stenographic record was required to be kept in the small claims action, SDCL 16–12A–26, and because she had no right to appeal, SDCL

15–39–17 (1967), now SDCL 15–39–57; and (3) The magistrate refused to allow her mother to testify that the attorney was hired on behalf of the mother and not appellant.

Appellant fails to cite any authority for her bald assertion that the magistrate should have disqualified himself from the small claims action because he was a member of the same county and state bar association as the attorney who brought the action. "The failure to cite supporting authority is a violation of SDCL 15–26A–60(6) and the issue is thereby deemed waived. See *Graham v. State*, 328 N.W.2d 254 (S.D. 1982)." *State v. Shull*, 331 N.W.2d 284, 285 (S.D.1983).

A proceeding for a writ of prohibition and our review of those proceedings is not designed as a method for reviewing any of the errors alleged by appellant. "[A] writ of prohibition may be issued only 'where there is not a plain, speedy, and adequate remedy in the ordinary course of law.' SDCL 21–30–2." *Rapid City Area School Dist. v. de Hueck*, 324 N.W.2d 421, 423 (S.D.1982). Appellant had methods available within the original small claims proceedings that would have allowed her to present the testimony of her additional witness and would have provided her with an appeal and a transcript. SDCL 15–39–24 (1967).

Though appellant argues that the magistrate refused to allow her mother to testify, the mother's affidavit states only that appellant forgot to call her as a witness. A motion to reopen her case or for a new trial in the small claims action would have remedied appellant's oversight. SDCL 15–6–59.

A simple request could have been made to have the magistrate exercise his discretion under SDCL 15–39–24 (1967) and transfer the small claims action to the regular civil docket. Once the action had been transferred, a court reporter would have kept a record of the proceedings, SDCL 15–15–1, and an appeal would have been available to appellant under SDCL 15–26A–3. Thus, a transfer would have overcome appellant's

other complaints about the small claims proceedings to the effect that she was denied equal protection of the laws because no record was made under SDCL 16–12A–26 and she was denied an appeal by SDCL 15–39–17.*

We can find nothing in the record that would indicate that the magistrate would have denied a proper request for a new trial, to reopen the case, or to transfer the small claims action to the regular civil docket. Appellant advances no reason why these remedies were not plain, speedy, and adequate. The writ of prohibition was properly denied.

The judgment is affirmed.

---

* Since judgment was entered against appellant in the small claims action, SDCL 15–39–17 has been superseded by 15–39–57 which denies an appeal to both parties in a small claims action. Supreme Court Rule 81–4.