Sandi **TOMBOLLO**, Plaintiff and Appellant,

v.

Eugene H. **DUNN**, Individually and d/b/a Sioux Falls Rent-A-Car (Hertz); and Dennis E. **Kjerstad**, Defendants and Appellees.

No. 14196.

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1983.

Decided Jan. 4, 1984.

James E. McMahon of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for plaintiff and appellant.

Thomas E. Simmons of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendants and appellees.

HENDERSON, Justice.

## PROCEDURAL HISTORY

On February 23, 1982, appellant Sandi Tombollo (referred to as Tombollo for convenience) filed a sexual discrimination charge with the South Dakota Division of Human Rights (Commission) alleging Tombollo was terminated from employment at appellee Dunn's business for failure to have sexual relations with a manager, appellee Kjerstad. A Commission investigation ensued. Prior to a final Commission determination, Tombollo filed an action against appellees seeking damages for wrongful discharge of employment, invasion of privacy, and assault and battery. On October 29, 1982, Commission notified Tombollo that it had dismissed her charge and, if she wished, she could appeal the determination to a trial court pursuant to SDCL 1–26–30. Tombollo failed to appeal the determination.

Appellees filed a motion to dismiss with the trial court on December 2, 1982, and Dunn filed an affidavit on December 9,. 1982, in support thereof. This motion to dismiss was treated as one for summary judgment. Tombollo responded with an affidavit and copy of Commission's investigation. On March 2, 1983, the trial court filed a detailed memorandum decision dismissing Tombollo's action. On March 8, 1983, summary judgment and an order were entered in favor of appellees. In the law suit proper, Count I was for wrongful termination and Count II was for invasion of privacy and assault and battery; Count II of the complaint was also dismissed as against appellee Dunn because there was no allegation that the alleged conduct of appellee Kjerstad as pleaded in Count II was within the course and scope of Kjer-

stad's employment with Dunn. After summary judgment, only Count II as against Kjerstad remained for trial. Tombollo filed her notice of appeal to this Court on May 4, 1983. We affirm.

## FACTS

Tombollo became employed at Dunn's automobile rental firm in May of 1969. Kjerstad took employment as manager of the rental firm in 1976. Tombollo and Kjerstad began a relationship in 1978 and on New Year's Eve of 1980 were engaged to marry. By March of 1981, the engagement was broken off and Tombollo alleges Kjerstad began a pattern of sexual harassment which culminated in her termination from employment in September of 1981.

The Commission's investigation revealed that out of seven rental firm employees interviewed, six employees cited specific examples of Tombollo's uncooperative work attitude, including: 1) often was late to work; 2) refused to use the time clock; 3) failed to complete her paper work; 4) was rude, belittling fellow employees and customers; 5) read magazines, leaving her work for others to complete; and 6) had a crabby, bad attitude. A seventh employee, who dated Tombollo in 1980, alleged Kjerstad sexually harassed Tombollo.

## ISSUES

### I.

WAS APPELLANT'S ACTION PROPERLY DISMISSED BECAUSE OF APPELLANT'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES? WE HOLD THAT IT WAS.

### II.

DOES APPELLANT, AN AT–WILL EMPLOYEE, HAVE A CAUSE OF ACTION FOR WRONGFUL TERMINATION? UNDER THE FACTS OF THIS CASE, SHE DOES NOT.

## DECISION

### I.

In *Gottschalk v. Hegg*, 89 S.D. 89, 92, 228 N.W.2d 640, 642 (1975), we held: "[E]xhaustion of remedies is broadly stated as the withholding of judicial relief on a claim or dispute cognizable by an administrative body until the administrative process has run its course." Tombollo's complaint filed with the trial court asserts: "The sole reason for the termination of Plaintiff's [Tombollo's] employment was that she refused to have sexual relations with Defendant [appellee] Kjerstad." SDCL 60–4–4 provides: "An employment having no specified term may be terminated at the will of either party on notice to the other, unless otherwise provided by statute." SDCL ch. 20–13 dovetails into SDCL 60–4–4 as it prohibits, among other things, employment termination via sexual discrimination. SDCL 20–13–7 provides Commission with power to investigate and eliminate sex discrimination.

■ Tombollo properly initiated her charge of sexual harassment with Commission. SDCL 20–13–10 clearly and unambiguously prohibits discharge of an employee by sexual discrimination. SDCL ch. 20–13 provides a comprehensive format for investigating, delineating, and acting on sexual discrimination cases. It therefore follows that prior to Commission's final determination Tombollo was unable to bring an independent trial court action premised upon her alleged wrongful termination for sexual harassment. Tombollo's proper procedural channel would have been to appeal Commission's determination.

### II.

■ Tombollo asserts she has a wrongful termination action under the authority of our recent holding in *Osterkamp v. Alkota Mfg., Inc.*, 332 N.W.2d 275 (S.D. 1983). We disagree. Unlike the employee in *Osterkamp*, 332 N.W.2d at 276–77, Tom-

bollo has failed to refer to any employer handbook or procedure for disciplining or terminating employees. The damage award in *Osterkamp* was founded in contract; this action sounds in tort. Tombollo did not have an employment contract and was an employee at will. There was no specified term for which she was employed. *Osterkamp* is distinguishable. Since Commission determined Tombollo was discharged for reasons other than sexual discrimination, we refer to SDCL 60–4–4, which provides that Tombollo's employment was terminable at her employer's will.

Affirmed.

All the Justices concur.