Jean A. HOPES, Plaintiff
and Appellant,

v.

BLACK HILLS POWER AND LIGHT
COMPANY, Defendant and Appellee.

No. 14872.

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1985.

Decided April 23, 1986.

Ramon A. Roubideaux, Rapid City, for plaintiff and appellant.

Portia K. Brown of Morrill, Hansen, Hubbard & Brown, Rapid City, for defendant and appellee.

PER CURIAM.

This is an appeal from a summary judgment granted to defendant Black Hills Power and Light Company (Black Hills). We affirm.

Plaintiff Jean A. Hopes began working for Black Hills as a district clerk in 1978. The parties had no employment contract, and Black Hills made no promises to Hopes about the length of her employment. Black Hills does have a performance appraisal procedure which calls for semi-annual reviews of each employee; the purpose of the procedure is to evaluate and document the employee's work performance. The procedure does not contain any rules regarding the discharge of employees.

In 1980, Hopes began to suffer from epilepsy. Her condition deteriorated dur-

ing 1982, and as of September 8, 1982, she considered herself totally disabled; this total disability continued well into 1983. According to Black Hills' rules, Hopes was supposed to have a work performance appraisal in September of 1982, but the appraisal was never conducted. In November of 1982, Hopes obtained a letter from her doctor which informed Black Hills that Hopes would be off work for a period up to four weeks. When the four weeks had elapsed, Hopes did not return to work, nor did she make arrangements for an extension of her medical leave. Consequently, Black Hills discharged Hopes from her employment.

Hopes filed suit against Black Hills alleging, among other things, that Black Hills wrongfully discharged her since it did not follow its own performance appraisal procedures. Black Hills moved for summary judgment and the trial court granted the motion.

The sole issue raised on appeal is whether the trial court erred in granting summary judgment. SDCL 15–6–56(c) states that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In making these determinations, the trial court must review the facts in a light most favorable to the nonmoving party. *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). Hopes contends that a factual issue exists as to whether Black Hills' performance appraisal procedure creates an implied promise to discharge employees for good cause only. She urges us to follow a number of other courts which have held that employers may be contractually bound to their policy provisions concerning employee job security.

█ As a general rule, the hiring of an employee for an indefinite term may be terminated at the will of either party. 56 C.J.S. *Master and Servant* § 31 (1948). In recent years, certain exceptions to this rule have been found. Some courts have held

that termination policies stated in employee manuals or handbooks become a part of the employment contract, thereby limiting the employer's right to discharge at-will employees. However, numerous other courts have rejected that argument and ruled that policies stated in employee manuals do not limit the employer's right to discharge at-will employees. Annot., 12 A.L.R. 4th 544 (1982).

In South Dakota, the statutes are clear. "An employment having no specified term may be terminated at the will of either party...." SDCL 60–4–4. In addition, an employment even for a specified term may be terminated at any time by the employer due to an employee's continued incapacity to perform. SDCL 60–4–5. In *Osterkamp v. Alkota Mfg., Inc.*, 332 N.W.2d 275 (S.D. 1983), this court upheld a verdict for the plaintiff in a wrongful discharge action when the employer failed to follow its own termination rules as stated in an employee handbook. However, we have also ruled that an employment is terminable at the employer's will when there is no contract or specified term, and when the plaintiff is unable to refer to any employer procedures for disciplining or terminating employees. *Tombollo v. Dunn*, 342 N.W.2d 23 (S.D. 1984).

█ In the present case, there is no real dispute about the essential facts. Hopes had no employment contract, and there was no specified term of employment. Hopes has failed to refer to any Black Hills policies for terminating employees. The performance appraisal procedure which Hopes relies upon deals solely with work performance and employee development and has no termination provisions. Therefore, our decision in *Tombollo, supra*, is controlling; Hopes' employment was terminable at the will of Black Hills. SDCL 60–4–4. Furthermore, Hopes' total disability is sufficient grounds for termination under SDCL 60–4–5. For these reasons, the summary judgment was properly granted.

The summary judgment is affirmed.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, participating.

DUNN, Retired Justice, for HENDERSON, J., disqualified.

SABERS, J., not having been a member of the court at the time this action was submitted to the court, did not participate.