**Dave LARSON, Plaintiff and Appellant,**

v.

**KREISER'S, INC., Defendant
and Appellee.**

**No. 15907.**

Supreme Court of South Dakota.

Considered on Briefs March 25, 1988.

Decided Aug. 17, 1988.

John E. Burke, Sioux Falls, for plaintiff and appellant.

Thomas K. Wilka, Sioux Falls, for defendant and appellee.

WUEST, Chief Justice.

David H. Larson (plaintiff) appeals from a summary judgment granted to Kreiser's, Inc. with respect to all of plaintiff's allegations and claims. We affirm in part and reverse in part.

Kreiser's, Inc. is a family business in Sioux Falls, South Dakota, which sells surgical supplies. Plaintiff is the son of Harold Larson, the president and chief executive officer of Kreiser's, Inc. According to plaintiff, he began working for Kreiser's, Inc. in 1967 at the request of Harold Larson, who told him that he would someday become president of the company. Plaintiff alleges that it was because of this promise that he accepted employment with Kreiser's, Inc. Plaintiff also alleges that at various times between 1977 and 1986, Harold Larson commended him for his work and promised that he would soon take over the business. Plaintiff claims that because of these promises he worked in both Sioux Falls and Sioux City, Iowa, to familiarize himself with the business. However, on January 12, 1987, Harold Larson terminated plaintiff's employment. Plaintiff never served as president of Kreiser's, Inc.

It is undisputed that there was no written employment contract between plaintiff and Kreiser's, Inc. There is also no indication in the record that plaintiff was employed for a specified term.

Plaintiff filed suit for breach of implied and express contract, wrongful termination, breach of fiduciary duty, and intentional infliction of emotional distress. Kreiser's, Inc. moved for summary judgment, arguing that as a matter of law, plaintiff's employment was terminable at the will of the employer. The trial court granted the motion.

The sole issue raised in this appeal is whether the trial court erred in granting summary judgment on the grounds that plaintiff was an at-will employee. SDCL 15-6-56(c) states that summary judgment shall be rendered if the pleadings, deposi-

tions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In making these determinations, the trial court must review the facts in a light most favorable to the nonmoving party. *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968).

Despite numerous challenges, the employment-at-will doctrine is still the law in South Dakota. SDCL 60-4-4 states: "An employment having no specified term may be terminated at the will of either party ...." Further, this court has held that when there is no employment contract or specified term of employment, and the employer has no established procedures for discharging employees, the employment is terminable at the will of the employer under SDCL 60-4-4. *Hopes v. Black Hills Power and Light Co.*, 386 N.W.2d 490 (S.D.1986); *Tombollo v. Dunn*, 342 N.W.2d 23 (S.D.1984).

There are exceptions, however, to the at-will doctrine. In *Osterkamp v. Alkota Mfg., Inc.*, 332 N.W.2d 275 (S.D.1983), we upheld a verdict for the plaintiff in a wrongful discharge action when the employer failed to follow its own termination rules set forth in the employee handbook. Other courts have held that an express or implied contract of employment may be created on the basis of an employer's oral representations. *See Zaniecki v. P.A. Bergner & Co.*, 143 Ill.App.3d 668, 493 N.E.2d 419 (1986); *Terrio v. Millinocket Community Hospital*, 379 A.2d 135 (Me. 1977); *Toussaint v. Blue Cross & Blue Shield of Mich.*, 408 Mich. 579, 292 N.W.2d 880 (1980); *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150 (1985); L. Larson, Unjust Dismissal § 3.04 (1987).

Of particular importance to the question before us are the rulings in *O'Neill v. ARA Services, Inc.*, 457 F.Supp. 182 (E.D.Pa. 1978), and *Sea–Land Service, Inc. v. O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982). In *ARA Services,* the employee accepted a job offer because of the employer's assurances that he would be placed in an executive position after two years. The employer dismissed the employee before he was promoted to the position. While recognizing the at-will doctrine, the court held that the employee's complaint should not be dismissed without giving him an opportunity to prove at trial the existence of facts and circumstances which may show a definite employment contract. 457 F.Supp. at 186. In *Sea–Land,* the employer orally promised an employee that if she resigned from one position she would be hired to fill a different position. Under such facts, the Virginia Supreme Court ruled that there was a contract of employment which the employer was obligated to perform; the employer's failure to employ her in the promised position was a breach of contract. 297 S.E.2d at 650–651.

Here, plaintiff alleges that he accepted employment at Kreiser's, Inc. because of the specific promise that he would become president of the company. Plaintiff claims that this promise was repeated on several occasions. If these allegations were established at trial, it would not be unreasonable for the trier of fact to conclude that the parties entered into a definite employment contract. Therefore, like the court in *ARA Services,* we hold that plaintiff should have the opportunity to prove at trial the existence of a contract to employ plaintiff as president of Kreiser's, Inc. In doing so, we note this case is clearly distinguishable from our decisions in *Hopes, supra,* and *Tombollo, supra,* since those cases did not involve an employer's promise to hire an employee for a particular position.

Although we reverse the summary judgment with regard to the contract action, we affirm on the questions of wrongful termination, breach of fiduciary duty, and intentional infliction of emotional distress. Plaintiff has failed to argue these matters in his brief or cite authority for his position. He has, therefore, waived the issues. *Kelley v. Kirk*, 391 N.W.2d 652 (S.D.1986); *Corbly v. Matheson*, 335 N.W.2d 347 (S.D. 1983).

Affirmed in part and reversed in part.

MILLER, J., concurs specially.

HENDERSON, J., concurs in result without writing.

MORGAN and SABERS, JJ., concur in part and dissent in part.

MILLER, Justice (concurring specially).

I agree with my colleagues regarding the reversal of the summary judgment on appellant's claim for breach of contract.

Unlike the Chief Justice, I would affirm the summary judgment on the wrongful termination claim of appellant *on its merits* rather than upon procedural grounds. I agree with Justices Morgan and Sabers that said issue was not waived by appellant nor that he "failed to argue these matters in his brief or cite authority for his position."

The wrongful termination count of appellant's complaint alleges tortious conduct on the part of appellee. This court has yet to firmly recognize such a tort claim.[1] This court has only recognized wrongful termination claims that sound in contract. *See, e.g., Osterkamp v. Alkota Mfg. Co.,* 332 N.W.2d 275 (S.D.1983). However, appellant makes no such allegation here and it would be improper to reverse the trial court's ruling on the wrongful termination theory absent a contract-based claim.

Even if this court were to recognize the tort of wrongful termination, the record before the trial court would still have required the granting of summary judgment. The record merely contains conclusory pleadings together with many incomplete, vague, evasive, and nonresponsive answers to interrogatories which are not sufficient to overcome a summary judgment motion.[2]

MORGAN, Justice (concurring in part and dissenting in part).

I agree with the substance of the concurrence in part, dissent in part of Justice Sabers without embracing his language in *Peterson v. Safway Steel Scaffolds, Co.,* as quoted therein. The issue denominated in appellant's brief was the propriety of the summary judgment on all counts. The appellee's brief compartmentalized the counts. I agree that the arguments in appellant's brief were sufficiently broad to cover the wrongful termination count.

SABERS, Justice (concurring in part and dissenting in part).

I concur with the majority opinion in reversing summary judgment on breach of implied and express contract. However, I would reverse the trial court's grant of summary judgment on wrongful termination of employment. Larson's substantial arguments against the granting of summary judgment on breach of contract are sufficiently broad to support the same argument with respect to wrongful termination. In fact, Larson's brief urges reversal of the trial court's grant of defendant's motion for summary judgment, which motion pertained to all causes of action. Larson's citations of numerous authorities on summary judgment and breach of contract are also sufficiently broad to include wrongful termination.

As stated in my special writing in *Peterson v. Safway Steel Scaffolds Co.,* 400 N.W.2d 909, 916 (S.D.1987) (Sabers, J., concurring in part and dissenting in part):

> ... this court is overreacting to SDCL 15–26A–60 which results in decisions that rely too heavily on waiver of a point or argument by failure to cite authorities.

*Corbly v. Matheson,* 335 N.W.2d 347 (S.D. 1983), and its progeny should not be stretched beyond all reasonable contemplation.

---

1. We have instead adhered to the doctrine that one's employment is generally terminable at the will of the employer. *See, e.g., Tombollo v. Dunn,* 342 N.W.2d 23 (S.D.1984) and SDCL 60–4–4. This rule is subject to certain statutorily enumerated exceptions and is not applicable to contracts of employment for a specified period of time. SDCL 60–4–4.

2. For a review and critique of South Dakota's position on wrongful discharge, see Comment, *The Status of the Wrongful Discharge Cause of Action in South Dakota,* 31 S.D.L.Rev. 689 (1986).