Philip L. JOHNSON, Plaintiff
and Appellant,

v.

KREISER'S, INC., Keith Brown and Harold Larson, Defendants and Appellees.

No. 15908.

Supreme Court of South Dakota.

Considered on Briefs March 25, 1988.

Decided Dec. 7, 1988.

John E. Burke, Sioux Falls, for plaintiff and appellant.

Thomas K. Wilka, Sioux Falls, for defendants and appellees; Rita D. Haverly, Sioux Falls, on brief.

HENDERSON, Justice.

Philip L. Johnson appeals from a judgment dismissing his complaint for failure to state a claim upon which relief can be granted. We reverse.

## FACTS

In his complaint, Johnson alleged the following facts: Johnson began working for Kreiser's, Inc. (Kreiser's) in 1979 as the company accountant. Along with his normal accounting duties, Johnson was responsible for properly charging to the corporate officers any personal bills paid by the corporation; these bills included personal expenses charged on the corporation credit card or at country clubs. According to Johnson, Harold Larson, the president and chairman of the board at Kreiser's, regularly converted corporation property to his own personal use. For years Larson picked up the corporation's mail at the post office on Saturdays and extracted checks sent by customers; Larson then cashed the checks for his own use and destroyed the customers' invoices. On one occasion Larson withdrew $1200 from a corporation savings account for his personal use, and he also told Johnson to transfer the titles of vehicles from the corporation to Larson. Beginning in 1986, Larson became critical of Johnson's actions in charging these and other expenses against Larson's personal account. On March 2, 1987, Keith Brown, the general manager at Kreiser's, terminated Johnson's employment with the consent and approval of Larson.

Johnson filed suit against Kreiser's, Larson, and Brown for wrongful termination. In his complaint, Johnson claimed he was discharged solely because he refused to allow Larson to convert corporation property to his own personal use. Johnson alleged that termination of his employment for this reason violates public policy and is contrary to law. Johnson did not allege the existence of any type of employment contract or any promise of employment for a specified term.

The defendants filed a motion to dismiss Johnson's complaint pursuant to SDCL 15–6–12(b)(5) (failure to state a claim upon which relief can be granted). They argued that under SDCL 60–4–4, Johnson's employment could be lawfully terminated at-will, thereby precluding a cause of action for wrongful termination. The trial court agreed and dismissed the complaint.

## ISSUE

Did the trial court err in dismissing Johnson's complaint on the grounds that he failed to state a claim for wrongful termination?

## DECISION

██ For purposes of a motion pursuant to SDCL 15–6–12(b)(5), the complaint is to be construed in the light most favorable to the pleading party, facts "well pled" may be accepted as true, and doubts are resolved in favor of the pleader. Pleadings should not be dismissed merely because the court entertains doubts as to whether the pleader will prevail in the action, as this is a matter of proof, not pleadings. The rules of procedure favor the resolution of cases upon the merits by trial or summary judgment rather than on failed or inartful accusations. *Janklow v. Viking Press*, 378 N.W.2d 875 (S.D.1985).

Johnson concedes that he was an at-will employee. However, he argues that an at-will employee should have a remedy when he is discharged for refusal to participate in a corporate officer's fraudulent schemes. We agree.

■ The employment at-will doctrine is clearly defined in South Dakota. "An employment having no specified term may be terminated at the will of either party ..." SDCL 60-4-4. In *Osterkamp v. Alkota Mfg., Inc.*, 332 N.W.2d 275 (S.D.1983), this court upheld a verdict for the plaintiff in a wrongful discharge action when the employer failed to follow its own termination rules stated in the employee handbook. But when there is no employment contract or specified term of employment, and the employer has no established procedures for discharging employees, the employment is terminable at the will of the employer under SDCL 60-4-4. *Blote v. First Federal Sav. & Loan Ass'n,* 422 N.W.2d 834 (S.D. 1988); *Hopes v. Black Hills Power and Light,* 386 N.W.2d 490 (S.D.1986); *Tombollo v. Durn,* 342 N.W.2d 23 (S.D.1984).

While recognizing the general rule on at-will employment (such as that set forth in SDCL 60-4-4), an increasing number of courts have adopted a public policy exception to the at-will doctrine. The exception provides that an employer becomes subject to tort liability if its discharge of an employee contravenes some well established public policy. *Phipps v. Clark Oil & Refining Corp.,* 396 N.W.2d 588 (Minn.App. 1986), *aff'd* 408 N.W.2d 569 (Minn.1987); Annot., 12 A.L.R.4th 544 (1982); Annot., 9 A.L.R.4th 329 (1981). "[T]he rule giving the employer the absolute right to discharge an at will employee must be tempered by the further principle that where the employer's motivation for the discharge contravenes some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge." *Harless v. First Nat. Bank,* 162 W.Va. 116, 246 S.E.2d 270, 275 (1978). *See also Scholtes v. Signal Delivery Service, Inc.,* 548 F.Supp. 487 (W.D. Ark.1982); *Wagner v. City of Globe,* 150 Ariz. 82, 722 P.2d 250 (1986); *Schmidt v. Yardney Elec. Corp.,* 4 Conn.App. 69, 492 A.2d 512 (1985); *Watassek v. Mich. Dept. of Mental Health,* 143 Mich.App. 556, 372 N.W.2d 617 (1985); *Sabine Pilot Service v. Hauck,* 687 S.W.2d 733 (Tex.1985); *Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d 561, 335 N.W.2d 834 (1983). At least 25 jurisdictions have adopted the public policy exception to the at-will doctrine. *Phipps,* 396 N.W.2d at 591 (footnote 2).

■ We find the foregoing cases to be persuasive and hereby adopt a narrow public policy exception to the at-will doctrine. An employee has a cause of action for wrongful discharge when the employer discharges him in retaliation for his refusal to commit a criminal or unlawful act. It is repugnant to public policy to expect an employee to commit such acts in order to save his job. Consequently, we carve out this exception to the at-will doctrine codified at SDCL 60-4-4. In doing so, we conclude that a contract action for wrongful discharge is more appropriate than a tort action. A contract action is predicated on the breach of an implied provision that an employer will not discharge an employee for refusing to perform a criminal or unlawful act. *See Brockmeyer, supra.*

In their brief, defendants argue that this court should not create a public policy exception to the at-will doctrine since declarations of public policy are to be left to the legislature. We certainly agree that one of the roles of the legislature is to determine public policy. However, we have also ruled that the primary sources for declarations of public policy in South Dakota are the constitution, statutes, *and* judicial decisions. *State ex rel. Meierhenry v. Spiegel, Inc.,* 277 N.W.2d 298 (S.D.1979); *Bartron v. Codington County,* 68 S.D. 309, 2 N.W. 2d 337 (1942). Therefore, defendants' argument must fail.

■ We recognize that employers may have a legitimate concern that the public policy exception will allow frivolous suits by employees who are discharged for valid reasons. In order to prevent this, we adopt the rule enunciated by the Minnesota Court of Appeals and affirmed by the Minnesota Supreme Court: the employee has the burden of proving that the dismissal violates a clear mandate of public policy. Once the employee shows this, the burden shifts to the employer to prove that the dismissal was for reasons other than those alleged by the employee. To prevail, the employee must prove by a preponderance of the evi-

dence that the discharge was for an impermissible reason. *Phipps,* 408 N.W.2d at 571–572. Furthermore, we leave the statutory at-will doctrine intact, subject only to this narrow public policy exception and our holdings in *Osterkamp, supra,* regarding employee handbooks and *Larson v. Kreiser's, Inc.,* 427 N.W.2d 833 (S.D.1988), regarding an employer's oral representations. Our recent decision in *Blote, supra,* is distinguishable since that case involved a discharge pursuant to the employer's corporate bylaws.

We hold that Johnson has stated a cause of action for wrongful termination under the public policy exception to the at-will doctrine. The judgment of the trial court is reversed and the case remanded for proceedings consistent with this opinion.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

SABERS, J., concurs specially.

SABERS, Justice (specially concurring).

I applaud the recognition of the public policy exception to the employment-at-will doctrine. I write specially to add that reversal could also be based on the employer's breach of the implied covenant of good faith and fair dealing, and that such should be recognized in this state. *See* my prior writings in *Breen v. Dakota Gear,* 433 N.W.2d 221, 224 (S.D.1988), *French v. Dell Rapids Community Hospital,* 432 N.W.2d 285, 292 (S.D.1988), *Larson v. Kreiser's Inc.,* 427 N.W.2d 833, 835 (S.D.1988), and *Blote v. First Federal Sav. & Loan Ass'n,* 422 N.W.2d 834, 838 (S.D.1988). The majority states that, "A contract action is predicated on the *breach of an implied provision* that an employer will not discharge an employee for refusing to perform a criminal or unlawful act." (emphasis added). Similarly, a contract action is predicated on the *breach of an implied provision* that an employer will not discharge an employee in bad faith.