**Cliff P. BREEN, Plaintiff and Appellant,**

v.

**DAKOTA GEAR & JOINT CO., INC., Defendant and Appellee.**

No. 16107.

Supreme Court of South Dakota.

Considered on Briefs Oct. 14, 1988.

Decided Dec. 7, 1988.

Robert A. Christenson, Sioux Falls, for plaintiff and appellant.

Susan E. Torgerson of May, Johnson, Doyle & Becker, P.C., Sioux Falls, for defendant and appellee.

HENDERSON, Justice.

PROCEDURAL HISTORY/ISSUES

Plaintiff Cliff P. Breen (Breen) filed a complaint in the circuit court for Minnehaha County alleging that Defendant, Dakota Gear and Joint Company, Inc. (Dakota), (1) breached the terms of an implied contract by discharging him without good cause, and (2) breached an implied covenant of good faith and fair dealing by terminating him in bad faith. The trial court granted a motion for summary judgment in favor of Dakota, and Breen appealed. Breen argues that the trial court erred in two regards:

1) Summary judgment was inappropriate where Breen alleged that Dakota had contractually limited its power to terminate him without good cause; and

2) A covenant of good faith and fair dealing, implied in his employment relationship with Dakota, was breached, entitling Breen to recover under either contract or tort theories.

We affirm the trial court because no facts supporting Breen's claim of wrongful dis-

charge appear in the record below, and a covenant of good faith and fair dealing is not implied in employment relationships under South Dakota law.

### FACTS

Dakota hired Breen in October 1976. He was fired on September 12, 1986, after returning to work from four days of sick leave. During Breen's employment with Dakota, he signed no written contract, and no personnel handbooks, employment manuals or other writing concerning Dakota's termination or disciplinary policies were distributed. Dakota provided no formal evaluations of Breen's performance at any time, although he received pay increases. Breen and Dakota disagreed as to whether his allegedly deficient performance was ever discussed with him prior to his discharge.

After his termination, Breen filed a complaint setting forth two causes of action. The first, styled by Breen as a contract cause of action, alleged that he was fired "without just cause" and that Dakota had "violated Plaintiff's implied guarantee of job security and implied promise not to terminate an at-will employee without good cause." Breen's second cause of action, captioned "Tort," incorporated the first count's allegation that he was fired without good cause, and added that Dakota had "violated Plaintiff's implied covenant of good faith and fair dealing" and that his firing "was not in the best interest of the economic system or the public good." His complaint ended with a plea for $360,000 in lost salary and $100,000 in punitive damages. Dakota's answer to Breen's complaint asserted that he was an employee-at-will and that his complaint failed to state a claim for which relief could be granted.

In his answers to Dakota Gear's interrogatories, Breen stated that he was relying on the following facts to show an implied guarantee of job security or promise not to terminate him without good cause had arisen:

Plaintiff [Breen] worked for Defendant [Dakota Gear] for approximately nine and one-half years. Over the course of that time, Plaintiff received regular increases in pay and was the beneficiary of company benefits including a Profit Sharing Plan. At no time during Plaintiff's employment with Defendant, was Plaintiff put on notice that he was performing his duties in an unsatisfactory manner. Therefore, by implication, Plaintiff felt secure in his employment with Defendant.

Breen's answers gave the following as facts justifying an implied covenant of good faith and fair dealing:

[P]laintiff felt that after nine and one-half years of employment where his on-the-job performance was satisfactory, Plaintiff was entitled to some type of notice of fact from Defendant if Plaintiff's job performance was lacking. Good faith and fair dealing so dictate after such a long period of satisfactory employment.

Dakota Gear's answers to Breen's interrogatories stated that Breen had been fired "for reasons which included continued inattention to customers, inability to maintain a satisfactory working relationship with his co-employees, and a continual pattern of abuse of sick leave" and alleged that Breen was verbally informed of his inattention to customers "on numerous occasions."

Subsequently, Dakota submitted a motion for summary judgment to the trial court. This motion was supported by affidavits from Pete Bonenberger, Dakota's president, and Gary L. Yttreness, Dakota's secretary/treasurer, which indicated that (1) Breen had no written contract, (2) no statements were made to Breen which would create an implied contract, and (3) Dakota had no procedures regarding employee discipline or termination. In opposition to Dakota's motion, Breen submitted an affidavit which stated that (1) he had been fired without cause after taking sick leave, (2) Dakota's "acts and words" and "statements" established an implied contract, and (3) Dakota had a "procedure respecting discipline and termination of employees."

The trial court granted Dakota's motion for summary judgment on the grounds that

Breen had not alleged any underlying facts indicating a bad faith discharge even if it were assumed that Breen was fired without cause.

## DECISION

### I. *Implied Contract*

▆▆▆ SDCL 15-6-56(c) provides that summary judgment is proper where the pleadings, depositions, answers to interrogatories and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Larson v. Kreiser's, Inc.*, 427 N.W.2d 833, 833-34 (S.D.1988); *Blote v. First Fed. Sav. & Loan Ass'n*, 422 N.W.2d 834, 837 (S.D.1988). *See also Hopes v. Black Hills Power & Light Co.*, 386 N.W.2d 490 (S.D.1986); *Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). When considering a motion for summary judgment, the formal issues presented by the pleadings are not controlling and a party may not rest upon the mere allegations contained therein. *Aetna Life Ins. Co. v. McElvain*, 363 N.W.2d 186, 188 (S.D.1985). The party opposing a motion for summary judgment must be diligent in resisting the motion, and mere general allegations and denials which do not set forth specific facts will not prevent issuance of a judgment. *Hughes-Johnson Co. v. Dakota Midland Hosp.*, 86 S.D. 361, 364, 195 N.W.2d 519, 521 (1972). On appeal, this Court reviews summary judgments under the premise that affirmance of such a judgment is proper if there exists any basis which would support the trial court's ruling. *Blote*, 422 N.W.2d at 836; *Uken v. Sloat*, 296 N.W.2d 540, 542 (S.D. 1980).

▆▆▆ By these standards, it is apparent that Breen has presented no specific facts indicating that Dakota contractually limited its authority to dismiss him. Breen's pleadings, answers to interrogatories, and affidavit were rife with mere conclusions, legal contentions and general allegations. The only specific facts Breen put before the trial court were that he had been employed by Dakota for almost ten years and that he had been fired after taking four days of leave. Dakota's pleadings, answers to interrogatories, and affidavits to the effect that Breen had no written contract, that Dakota had no termination procedures, and that Dakota had made no statements limiting its right to terminate Breen, were uncontroverted by specific allegations. In this situation, Breen was a terminable-at-will employee under SDCL 60-4-4.[1]

This Court has recognized two factual patterns which create an exception to the employment-at-will doctrine: 1) where an employer failed to comply with termination procedures promulgated in its employee handbook (*Osterkamp v. Alkota Mfg., Inc.*, 332 N.W.2d 275 (S.D.1983); or 2) where the employee accepted employment after being given a specific oral promise regarding future promotion to a certain position (*Larson*, 427 N.W.2d at 834). Neither situation fits to these facts. The narrow "public-policy" exception, adopted in *Johnson v. Kreiser's, Inc.*, 433 N.W.2d 225 (S.D.1988) likewise has no application to these facts, as Breen has identified no clear mandate of public policy which Dakota violated. *See Jones v. Keogh*, 137 Vt. 562, 409 A.2d 581 (1979). There is no allegation suggesting that Breen was fired in retaliation for his refusal to commit a criminal or unlawful act. *See Johnson*, 433 N.W.2d at 227. *See also Bushko v. Miller Brewing Co.*, 134 Wis.2d 136, 396 N.W.2d 167 (1986); *Brockmeyer v. Dun & Bradstreet*, 113 Wis.2d 561, 335 N.W.2d 834 (1983).

We affirm the trial court on this issue, as Breen was an employee-at-will under our interpretation of SDCL 60-4-4 in *Blote*, 422 N.W.2d at 837, and *Tombollo v. Dunn*, 342 N.W.2d 23 (S.D.1984).

---

1. SDCL 60-4-4 provides:
    An employment having no specified term may be terminated at the will of either party on notice to the other, unless otherwise provided by statute.

## II. *Implied Covenant of Good Faith and Fair Dealing*

█ Breen's second argument is that South Dakota should imply a covenant of good faith and fair dealing in employment-at-will relationships. He relies on Section 205 of the Restatement (Second) of Contracts (1979), and SDCL 57A–1–203,[2] which provide that every contract imposes upon each party a duty of good faith and fair dealing in its performance. We disagree, and join the Supreme Court of Kansas[3] in rejecting transplantation of the covenant of good faith and fair dealing into the foreign soil of the employment-at-will doctrine. *See Morriss v. Coleman Co., Inc.*, 241 Kan. 501, 517–18, 738 P.2d 841, 851 (1987):

> After a careful consideration of these various cases, pro and con, the majority of the court has concluded that the principle of law stated in Restatement (Second) of Contracts § 205, that every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement, is overly broad and should not be applicable to employment-at-will contracts.

"An employee's long term of service and good performance will not convert an at-will contract of employment into one containing an implicit requirement of good cause to terminate." *Dumas v. Kessler & Maguire Funeral Home*, 380 N.W.2d 544, 546 (Minn.App.1986). This holding does not conflict with our adoption of the "public policy" exception to at-will employment, as that narrow exception is conceptually separate from the covenant of good faith and fair dealing. In *Melnick v. State Farm Mut. Auto. Ins. Co.*, 106 N.M. 726, 730, 749 P.2d 1105, 1109 (1988), the New Mexico Supreme Court observed:

> Exceptions to this general rule [employment-at-will] are: (1) wrongful discharge in violation of public policy (retaliatory discharge); (2) implied contract that restricts the employer's power to discharge; and (3) tortious or contractual

breach of an implied covenant of good faith and fair dealing. We recognize the first two exceptions.

Similarly, in South Dakota, *Johnson v. Kreiser's, Inc.*, 433 N.W.2d 225 (S.D.1988), fits the first exception recognized in *Melnick*, while *Osterkamp v. Alkota Mfg., Inc.*, 332 N.W.2d 275 (S.D.1983), and *Larson v. Kreiser's, Inc.*, 427 N.W.2d 833 (S.D. 1988), fit the second. We also decline to apply a broad implied covenant of good faith and fair dealing to the employment-at-will context.

The trial court is therefore affirmed.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

I dissent for the reasons set forth in my dissent in *Blote v. First Federal Sav. & Loan Ass'n*, 422 N.W.2d 834, 838 (S.D. 1988) and my writings in *Johnson v. Kreiser's, Inc.*, 433 N.W.2d 225, 228 (S.D.1988), *French v. Dell Rapids Community Hospital*, 432 N.W.2d 285, 292 (S.D.1988), and *Larson v. Kreiser's, Inc.*, 427 N.W.2d 833, 835 (S.D.1988). *Larson* held that it was improper to grant summary judgment against a twenty-year employee where specific promises raised jury questions concerning a definite employment contract. Breen was a ten-year employee who received pay increases from time to time, company benefits, including a profit sharing plan, but no formal evaluations of his performance. Genuine issues of material fact exist as to his attention to customers, working relationships with co-workers, abuse of sick leave, and whether "his allegedly deficient performance was ever discussed with him prior to his discharge."

The majority rejects the "transplantation of the covenant of good faith and fair dealing into the foreign soil of the employment-

---

**2.** SDCL ch. 57A is South Dakota's enactment of the Uniform Commercial Code.

**3.** Kansas, like South Dakota, has codified the covenant of good faith and fair dealing as part of its version of the Uniform Commercial Code —see Kan.Stat.Ann. § 84–1–203—however, this Uniform Commercial Code provision does not prevail over the employment-at-will statute.

at-will doctrine." In my view there is no need for a transplant as the legislature planted the seed for the covenant of good faith by enacting SDCL 57A–1–203. The *Restatement of Contracts* also recognizes the obligation of good faith and fair dealing which arises in every contract. 2 *Restatement (Second) Contracts* § 205 (1979). It is the employment-at-will doctrine which is on foreign soil when it is superimposed onto an employment relationship of ten years where justified expectations of continued employment have arisen. *Blote, supra.* For these reasons, I would reverse summary judgment on breach of implied contract and wrongful termination of employment.