Bryon MERRITT, Plaintiff
and Appellant,

v.

EDSON EXPRESS, INC.,
Defendant and Appellee.

No. 16235.

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1988.

Decided March 15, 1989.

Timothy L. Thomas and John K. Nooney of Morrill Brown & Thomas, Rapid City, for plaintiff and appellant.

Patrick Duffy and Rebecca A. McMahon of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellee.

WUEST, Chief Justice.

Bryon Merritt appeals from a summary judgment dismissing his action for wrongful discharge. We affirm.

## FACTS

Edson Express, Inc. (Employer), is a Wyoming trucking company which has a terminal in Rapid City, South Dakota. In December of 1985, Employer established a new route from Rapid City to Billings, Montana. Drivers for this route would be stationed in Rapid City. At the same time, Merritt wanted to relocate from Billings to Rapid City if he could find the "right type of job." Merritt applied for a job with Employer at its Rapid City office and was hired to be a truck driver on the Rapid City–Billings route. There was no written employment contract or specified term of employment, and Employer has no employee handbook or other company policies relating to the discharge of employees.

According to Merritt, the terminal manager who hired him told him "the job was here for as long as you want it." Merritt's understanding of this statement was that "as long as I like Edson, they like me, I have got a position." The application form completed and signed by Merritt contains the following language: "It is agreed and understood that this application for employment in no way obligates the employer to employ me; and it is understood that if

hired, I may be on a probationary period during which I may be discharged without recourse." The terminal manager testified that Employer's standard probationary period is 90 days, although there is no written policy establishing a specific time period and the application did not state the length of the probationary period.

Shortly after Merritt was hired, Employer's Rapid City–Billings route began experiencing problems. Employer decided to restructure the route, which resulted in the elimination of Merritt's position. Merritt was discharged 88 days after he began working for Employer.

Merritt filed suit for wrongful discharge, claiming Employer assured him the job was "permanent—as long as you want it." Merritt sought damages of $75,000 for breach of employment contract and breach of implied covenant of good faith and fair dealing; $25,000 for emotional distress; and $150,000 in punitive damages. Employer filed a motion for summary judgment, which was granted by the trial court on the grounds that Merritt was an at-will employee. The trial court ruled that alleged oral promises of permanent employment could not give rise to a position for the rest of Merritt's life.

### ISSUE

Did the trial court err in dismissing Merritt's action on the grounds that he was an at-will employee?

### DECISION

Merritt argues that summary judgment was improper since there are two questions of fact in this case: 1) whether there was an oral contract of employment which gave him a job for as long as he wanted it, thereby limiting Employer's authority to discharge him without good cause, and 2) whether Employer's probationary period affected Employer's authority to discharge him without cause. Merritt contends that the representations made by Employer's agent are more than sufficient evidence of an express agreement between the parties to justify submission of the case to a jury. We disagree.

SDCL 15–6–56(c) states that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In making these determinations, the trial court must review the facts in a light most favorable to the nonmoving party. *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968).

Despite an ever increasing number of challenges, the employment-at-will doctrine is still the law in South Dakota. SDCL 60–4–4 states: "An employment having no specified term may be terminated at the will of either party...." Further, when there is no employment contract or specified term of employment, and the employer has no established procedures for discharging employees, the employment is terminable at the will of the employer under SDCL 60–4–4. *Larson v. Kreiser's, Inc.,* 427 N.W.2d 833 (S.D.1988); *Blote v. First Federal,* 422 N.W.2d 834 (S.D.1988).

There are exceptions, however, to the at-will doctrine. In *Osterkamp v. Alkota Mfg., Inc.,* 332 N.W.2d 275 (S.D.1983), this court upheld a verdict for the plaintiff in a wrongful discharge action when the employer failed to follow its own termination rules set forth in the employee handbook. In *Larson v. Kreiser's, supra,* this court ruled that an employee should have the opportunity to prove at trial the existence of specific oral promises by the employer that the employee would become president of the company. And in *Johnson v. Kreiser's, Inc.,* 433 N.W.2d 225 (S.D.1988), we adopted a narrow public policy exception to the at-will doctrine: an employee has a cause of action for wrongful discharge when the employer discharges him in retaliation for his refusal to commit a criminal or unlawful act.

In the present case there was no written contract, no specified term of employment, and no employee handbook. Therefore, the *Osterkamp* exception is not applicable. The alleged oral promise made

by Employer was that Merritt would have the job for as long as he wanted it. This is different than the specific oral promise made in *Larson*, where the employer promised a particular position (president) if the employee continued to do a good job and stayed with the company. Here, the promise was quite general, and Merritt's own understanding of the promise indicates an at-will situation: "As long as I like Edson, they like me, I have got a position." In other words, either party could terminate the relationship when it so desired. Finally, the *Johnson* exception is not applicable here since Merritt was not discharged in retaliation for a refusal to commit criminal or unlawful acts. Therefore, we conclude that Merritt's employment was terminable at the will of Employer under SDCL 60–4–4, and the trial court properly entered summary judgment in favor of Employer.

Our ruling is consistent with the decisions of other courts which have addressed this issue. It is usually held that a promise of lifetime or permanent employment will be interpreted as indefinite and terminable at-will in the absence of some executed consideration in addition to the services being rendered. *Corum v. Farm Credit Services*, 628 F.Supp. 707 (D.Minn.1986); *Wolfe v. Graether*, 389 N.W.2d 643 (Iowa 1986); *Hillesland v. Federal Land Bank*, 407 N.W.2d 206 (N.D.1987); Annot., Validity and Duration of Contract Purporting to be for Permanent Employment, 60 A.L. R.3d 226 (1974). Merritt fails to show the existence of any such additional consideration in this case. Consequently, he was an at-will employee and any argument about a 90 day probationary period is irrelevant. We have examined Merritt's other contentions and find them to be without merit.

Affirmed.

MORGAN, HENDERSON and MILLER, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

This is another employment termination case in which the evidence is being viewed most favorably to the moving party, the employer, and against the non-moving party, the employee. This is contrary to all of the major South Dakota cases on summary judgment. *Groseth International, Inc. v. Tenneco, Inc.*, 410 N.W.2d 159 (S.D.1987); *Wilson v. Great Northern Railway*, 83 S.D. 207, 157 N.W.2d 19 (1968).

For the purpose of summary judgment, the evidence must be viewed most favorably to the non-moving party. In viewing this evidence most favorably to Merritt, he was hired by the terminal manager who told him "the job was here for as long as you want it." In reliance upon the hiring, Merritt moved himself and his family from Billings, Montana to Rapid City, South Dakota because drivers for this route would be stationed in Rapid City.

The employer claimed its Rapid City–Billings route began experiencing problems shortly after Merritt was hired. The employer decided to restructure the route, which resulted in the elimination of Merritt's position. Merritt was discharged eighty-eight days after he began working for employer. The terminal manager testified that employer's standard probationary period is ninety days, although there is no written policy establishing a specific time period and the application did not state the fact or the length of the probationary period.

The printed language of the application form stated: "... it is understood that if hired, I may be on a probationary period during which I may be discharged without recourse." Merritt concedes that the printed language of the application form provided that employment *may* be subject to a probationary period, but insists that there was no probationary period in his case.

Merritt also claims that the employer did not give the Rapid City–Billings route sufficient time to become successful, and that employer's decision to restructure the route was a pretense to eliminate Merritt's position. This claim is somewhat speculative. However, Merritt testified that he would have been willing to move back to Billings when the route was changed.

As the Michigan Supreme Court stated in *Toussaint v. Blue Cross & Blue Shield*,

408 Mich. 579, 292 N.W.2d 880 (1980), numerous questions exist for jury consideration in actions alleging breach of an oral contract of employment. Some are:

1. Whether the conversations between an employer and an employee rise to the level of an agreement for a contract of employment which could be terminable only for cause.

2. The length and nature of the contract between the employer and the employee.

3. The existence of a probationary period, if any.

4. If a probationary period was involved, whether Merritt's conduct satisfied conditions of probation.

5. Whether Merritt relied on statements of Edson in moving his family to Rapid City from Billings.

All of these questions present genuine issues of material fact and are sufficient to preclude summary judgment in this action. *Breen v. Dakota Gear & Joint Co., Inc.,* 433 N.W.2d 221, 224 (S.D.1988) (Sabers, J., dissenting); *Blote v. First Fed. Sav. & Loan,* 422 N.W.2d 834, 838 (S.D.1988) (Sabers, J., dissenting); *Groseth, supra; Wilson, supra.*

In addition, termination on the eighty-eighth day of a ninety-day probationary period without any reference to Merritt's work performance, may violate the employer's obligation of good faith and fair dealing. *See* my special writings in *Butterfield v. Citibank,* 437 N.W.2d 857, 860 (S.D.1989); *Breen, supra; Johnson v. Kreiser's, Inc.,* 433 N.W.2d 225, 228 (S.D. 1988); *French v. Dell Rapids Community Hospital,* 432 N.W.2d 285, 292 (S.D.1988); *Larson v. Kreiser's, Inc.,* 427 N.W.2d 833, 835 (S.D.1988); *Blote, supra.*