Victor C. **DEDE**, Plaintiff and Appellant,

v.

**RUSHMORE NATIONAL LIFE INSURANCE COMPANY,** Defendant and Appellee.

No. 17130.

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 1991.

Decided May 15, 1991.

---

Rick Johnson of Johnson, Eklund & Abourezk, Gregory (On the briefs, Mike Abourezk and Jana M. Miner–Lunsford of Johnson, Eklund & Abourezk), for plaintiff and appellant.

Steven Helmers and Donald R. Shultz of Lynn, Jackson, Shultz & Lebrun, Rapid City, for defendant and appellee.

MILLER, Chief Justice.

This is an appeal from an order granting summary judgment. We reverse.

## FACTS

Victor Dede (Dede) commenced this action for breach of contract, fraud in the inducement of a contract, age discrimination, public policy violations and duress. He generally alleges that in late 1985 the officers of Rushmore Mutual Life Insurance Company (Rushmore) decided to try to sell the company. He alleges that in order

to accomplish the sale, Rushmore secretly determined to increase their surplus by ceasing to pursue new business. He asserts that one of the methods of obtaining this result was the elimination of the appointment of new agents. Dede alleges he was one of Rushmore's employees who would be improperly terminated. He asserts that the officers of Rushmore conspired to secure his resignation or discharge in such a manner as to avoid an age discrimination claim by him. (Dede was apparently approaching retirement age.)

Dede alleges that in order to accomplish this illegal act, the company had their marketing director, Steven Johnson, induce Dede into voluntarily accepting the terms of an agreement which compelled his retirement at age sixty-two and required him to move to Las Vegas, Nevada.[1]

Rushmore moved for summary judgment. In resistance thereto, Dede submitted the affidavit of Johnson. Johnson was an employee of Rushmore from 1982 to 1987 and was Dede's immediate supervisor. (Johnson's boss was Charles Tufty, who is the executive vice president as well as secretary of the corporation.) According to Johnson's affidavit, Tufty began to discuss his intention of finding a way to dispose of Dede as early as 1985. Johnson asserts Tufty stated that Rushmore could not simply fire Dede because Dede would probably be able to bring an age discrimination claim against the company.

Dede asserts that as an inducement to get him to accept the contract with the early retirement clause, he would be given a master general agent's contract which would allow him to solicit new agents and earn commissions from their sales. Under this agreement, Dede's territory included California, Nevada and Utah. Dede accept-

---

1. Note, that this case is totally distinguishable from the issues presented to this court under SDCL 60–4–4 (employment at will). *See generally Butterfield v. Citibank of South Dakota,* 437 N.W.2d 857 (S.D.1989); *Breen v. Dakota Gear & Joint Inc.,* 433 N.W.2d 221 (S.D.1988); *Johnson v. Kreiser's Inc.,* 433 N.W.2d 225 (S.D.1988); *Larson v. Kreiser's Inc.,* 427 N.W.2d 833 (S.D. 1988); *Hopes v. Black Hills Power & Light Co.,* 386 N.W.2d 490 (S.D.1986); *Tombollo v. Dunn,* 342 N.W.2d 23 (S.D.1984); *Osterkamp v. Alkota Manufacturing Inc.,* 332 N.W.2d 275 (S.D.1983). Those cases all concerned our employment-at-will doctrine and the limited exceptions thereto. Here, the issue is not whether Dede was an employee at will, but rather whether there was fraud in the inducement when he entered into his agent's contract.

ed this agreement and signed a master agent's contract on April 1, 1986.

After moving to Nevada, Dede spoke to Johnson about soliciting an agency for Rushmore in Montana (outside his contract area) and Johnson told him to proceed. Johnson's affidavit states that Rushmore's master general agents had routinely worked outside areas described in their contract and that the provision in the contract setting forth a territory had never been strictly enforced by the company. As a result, Dede began negotiating with an agency in Montana and soon had their commitment to "sign on" with Rushmore. This relationship was initially approved by Johnson, but later vetoed by Tufty, apparently because of the territorial provision in Dede's contract. Ultimately, Dede did in fact retire from Rushmore at age sixty-two.

Additionally, in opposition to Rushmore's motion for summary judgment, Dede submitted the affidavit of Mick Boltie, who was the manager of internal operations at Rushmore from 1986 to 1989. He had drafted the master general agent's agreement between Rushmore and Dede. In his affidavit, Boltie generally stated that company memoranda existed showing Dede's entitlement to contract with the Montana agency.

The trial court noted that Dede stated essentially two claims. The first being a fraud/deceit claim. As to that claim, the court noted that Dede was an at-will employee and could have been dismissed for any reason or for no reason at all. The second claim concerned an alleged breach of contract regarding the agency relationship entered into between Dede, on behalf of Rushmore, and the agency in Montana. The trial court noted that Dede's general agent's contract clearly provided his "non-exclusive" territory was Nevada, California and Utah. The trial court granted Rushmore's motion for summary judgment. Dede's appeal concerns only the issues of fraud in the inducement and the breach of that contract.

## STANDARD OF REVIEW

In reviewing a grant or a denial of summary judgment, we determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits of the matter of law. *Groseth Int'l Inc. v. Tenneco, Inc.*, 410 N.W.2d 159, 164 (S.D.1987). "The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party." *Pickering v. Pickering*, 434 N.W.2d 758, 760 (S.D.1989); *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968). "A party must present specific facts demonstrating the existence of genuine material issues, not mere conclusory allegations." *Dirks v. Sioux Valley Empire Elec. Assn.*, 450 N.W.2d 426, 430 (S.D.1990); *Home Federal Sav. & Loan v. First National Bank*, 405 N.W.2d 655 (S.D.1987); *Aetna Life Ins. Co. v. McElvain*, 363 N.W.2d 186 (S.D.1985); *Western Casualty & Surety Co. v. Gridley*, 362 N.W.2d 100 (S.D.1985).

## DECISION

### THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT.

Dede's fraud claim focused on Rushmore's alleged fraud in the course of negotiating the written general agent's contract between the parties. He alleged that Rushmore told him that if he would relocate outside the home office, and voluntarily accept an early retirement date, he could enter into a master general agent's contract which would allow him to appoint other agents and earn commissions from their sales. Dede alleges that he was also told that even after his retirement, at age sixty-two, he would be allowed to continue as a master general agent appointing other agents and earning additional income from their sales. He asserts that at the time Rushmore made these promises to him, the company officers secretly harbored an intent to completely eliminate the appointment of new agents or pursue any new business. However, Dede asserts that Rushmore intentionally withheld this infor-

mation in a fraudulent attempt to induce him to enter into the contract.

■ Questions of fraud and deceit[2] are generally questions of fact and as such they are to be determined by a jury; furthermore, whether a party relied on the alleged fraud to its detriment is a fact question for the jury. *McKinney v. Pioneer Life Ins. Co.,* 465 N.W.2d 192 (S.D. 1991); *Laber v. Koch,* 383 N.W.2d 490 (S.D. 1986); *Commercial Credit Equipment Corp. v. Johnson,* 87 S.D. 411, 209 N.W.2d 548 (1973).

■ Here, a jury could determine that Dede was fraudulently induced to enter into the agent's contract, based upon his assertions and supporting affidavits. *French v. Dell Rapids Community Hospital, Inc.,* 432 N.W.2d 285 (S.D.1988); *see also Sabbagh v. Professional Business Men's Life Ins. Co.,* 79 S.D. 615, 116 N.W.2d 513 (1962). The Johnson affidavit itself manifestly creates several fact issues. Thus, we hold that a genuine issue of material fact exists which precludes summary judgment in this case.

Therefore, the order of the circuit court granting summary judgment is reversed.

WUEST, HENDERSON and SABERS, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

AMUNDSON, J., not having been a member of the Court at the time this case was considered, did not participate.

---

2. SDCL 20–10–1 provides:
   One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers.
   SDCL 20–10–2 provides:
   A deceit within the meaning of § 20–10–1 is either:
   (1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
   (2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;
   (3) The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or
   (4) A promise made without any intention of performing.