Debra L. SCHULTZ, individually and Administrator of the Estate of Roger L. Schultz, Deceased, Plaintiff and Appellant,

and

Daniel Schultz and Kristina Schultz, Minors, Plaintiffs,

v.

MILLS MUTUAL INSURANCE GROUP, Millers National Insurance Company, a member of said group, Grain Dealers Mutual Insurance Company, Defendants,

and

Farmers Cooperative Association of Marion; Baldor Electric Company; Roger Conger; and Conger Construction Company, Inc., Defendants and Appellees.

No. 17334.

Supreme Court of South Dakota.

Considered on Briefs May 22, 1991.

Decided Sept. 4, 1991.

John A. Schlimgen, Sioux Falls, for plaintiff and appellant.

Gary J. Pashby, Boyce, Murphy, McDowell & Greenfield, Sioux Falls, V. Owen Nelson and Kay Nord Hunt, Minneapolis, Minn., for defendants and appellees.

JOHNS, Circuit Judge.

This is an appeal from an order granting summary judgment in favor of defendant insurers (Mills Mutual) and against plaintiff Debra Schultz (Schultz). It is a companion case to *Schoenwald v. Farmers Cooperative*, # 17287, 474 N.W.2d 579 (conference opinion filed 7/29/91). Mills Mutu-

al filed the same motion for summary judgment in that case as the one at issue here. The trial court consolidated the actions for the purpose of hearing the summary judgment motions and granted each. We affirm.

## FACTS

Schultz's husband was an employee of Farmers Cooperative Association of Marion, South Dakota (Farmers Cooperative). Mills Mutual provided fire, liability, and worker's compensation coverage to Farmers Cooperative. On November 2, 1985 an explosion and fire occurred at Farmers Cooperative which resulted in the deaths of Roger Schultz, Keith Schoenwald, and Fred Schoenwald. Since Mills Mutual provided insurance coverage on Farmers Cooperative, conducted periodic inspections of the facility, and provided its inspectors' reports to Farmers Cooperative, Schultz brought suit against Mills Mutual under a negligence theory premised upon Restatement (Second) of Torts § 324A (1965).[1] That section says in effect that one will be liable to a third party for his negligence if: (1) he undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third party or his things; and (2) his negligence falls within one of its three subsections.

Mills Mutual argued and the trial court found that there was no evidence in the record that Mills Mutual ever either expressly or impliedly undertook fire inspection safety services for or on behalf of Farmers Cooperative. In support of its motion Mills Mutual offered the deposition of James Best (Best), the manager of Farmers Cooperative at the time of the fire. Best testified that it was his understanding that Mills Mutual conducted the inspections for its own benefit (i.e., for the purposes of analyzing the underlying risks of providing insurance and rate-making) and that the inspections did not relieve Farmers Cooperative of its obligation to conduct its own inspections and to provide a safe workplace. Schultz did not file any affidavits in response to Mills Mutual's arguments and showing nor did she direct the trial court's attention to any other depositions, answers to interrogatories, or admissions which set forth evidence that there was a material issue of fact on the question of whether Mills Mutual assumed Farmers Cooperative's fire safety inspection duty.

## STANDARD OF REVIEW

◼ When this court reviews an appeal from a summary judgment, we do so under the premise that affirmance of such a judgment is proper if there are no genuine issues of material fact and there exists any basis which would support the trial court's ruling. *Trammell v. Prairie States Insurance Company*, 474 N.W.2d 519 (1991); *Breen v. Dakota Gear & Joint Co., Inc.*, 433 N.W.2d 221, 223 (S.D.1988).

## ISSUES

(1) For the purpose of deciding a summary judgment motion, may a trial court consider a deposition which was taken for discovery purposes only?
We hold that it may.

(2) Did the trial court properly decide Mills Mutual's motion for summary judgment?
We hold that it did.

## ANALYSIS

Schultz contends that Mills Mutual did not properly support its motion for sum-

---

1. **Liability to Third Person for Negligent Performance of Undertaking.**
   One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

   (a) his failure to exercise reasonable care increases the risk of such harm, or
   (b) he has undertaken to perform a duty owed by the other to the third person, or
   (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

mary judgment. Therefore, she contends that she did not have to file any responsive affidavits or direct the court's attention to any other depositions, admissions, or answers to interrogatories which set forth specific facts creating a genuine issue of material fact. Specifically, Schultz contends that the deposition of Best was taken for discovery purposes only and for that reason the trial court was not entitled to consider it.

■ We reject this argument for the following reasons. First, this court in *Magbuhat v. Kovarik*, 382 N.W.2d 43, 45 (S.D.1986) clearly rejected any distinction between depositions taken for discovery purposes versus other purposes:

> [O]ur statute no longer distinguishes discovery depositions from depositions for trial purposes. SDCL 15–6–30(a). Thus, at trial any part, or all, of a deposition, so far as it is admissible under the rules of evidence, may be used against any party who was present or represented at the taking. SDCL 15–6–32(a).

In this case Schultz's counsel was present at the deposition, albeit he may not have

had timely notice of it, and he cross-examined the witness. Second, neither SDCL 15–6–56(c)[2], (e)[3], or (f)[4] distinguish between discovery depositions and those which are taken for other purposes. And, third, Schultz is arguing a distinction without a difference. Mills Mutual certainly had the option of obtaining an affidavit from Best and then offering it in support of its motion. This court can see no difference between Best's affidavit and his deposition and can see no reason why Mills Mutual should have to go to the additional expense of obtaining an affidavit when Best's deposition affirmatively shows that he was competent to testify to the matters disclosed, that the facts reflected therein would be admissible at time of trial, and that his testimony was made on personal knowledge. In fact, this court considers a deposition superior to an affidavit in cases where the nonmoving party is present at the deposition and has an adequate opportunity to cross-examine.[5]

■ Having held that Best's deposition was properly before the trial court, the second issue is whether there is a genuine issue that Mills Mutual expressly or impli-

2. **15–6–56(c). Motion for summary judgment and proceedings thereon.** The motion shall be served at least ten days before the time fixed for hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

3. **15–6–56(e). Form of affidavits for summary judgment—Further testimony—Defense required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made

and supported as provided in § 15–6–56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15–6–56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

4. **15–6–56(f). Opposing summary judgment when affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

5. By our language we do not mean to imply that a party who moves for summary judgment must always produce evidence showing the absence of a genuine issue of material fact with respect to an issue on which the nonmoving party would bear the burden of proof at time of trial. *See Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), where the court held that a defendant who moves for summary judgment does not have to provide affirmative evidence which disproves plaintiff's case.

edly agreed to render fire inspection safety services to Farmers Cooperative. Even though Schultz did not submit evidentiary matters in opposition to Mills Mutual's showing, the burden of persuasion has remained with Mills Mutual to clearly show that there was no genuine issue of a material fact and that it was entitled to a judgment as a matter of law. *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968). In this respect the evidence must be viewed in a light most favorable to the nonmoving party and all reasonable inferences must be drawn in his favor. *Koeniguer v. Eckrich*, 422 N.W.2d 600 (S.D.1988).

Schultz admits that Mills Mutual never expressly agreed to undertake Farmers Cooperative's fire safety inspection duties. She also concedes that Mills Mutual conducted the inspections for its own benefit, viz: for the purposes of determining continued coverage and rate-making. Schultz contends, however, that since Mills Mutual did conduct the inspections and provided a copy of the inspection reports to Farmers Cooperative, a reasonable inference can be drawn that the inspections were conducted, in part, for the benefit of Farmers Cooperative, i.e. that a service was rendered. From this premise Schultz argues that one can reasonably conclude that Mills Mutual, either consciously or unconsciously and for whatever reasons, did "undertake to render services to another." Restatement (Second) of Torts § 324A.

Under Schultz's logic, any incidental benefit received by or directed toward another is sufficient to meet the threshold requirement of § 324A that a defendant must undertake, gratuitously or for consideration, to render services to another. While Schultz does not carry her argument that far, she does contend that before summary judgment can properly be granted in this case it is incumbent upon Mills Mutual to show that its actions were designed for its *sole* benefit.

After considering the authorities presented by both sides, we reject these arguments. In *Schoenwald, supra,* we quoted

*Smith v. Allendale Mutual Ins. Co.,* 410 Mich. 685, 303 N.W.2d 702 (1981). *Smith* involved two consolidated appeals from judgments notwithstanding the verdict in favor of defendant insurers. There, as here, the insurers conducted inspections of its insureds' premises and sent inspection reports to them. The court discussed what constitutes a sufficient showing under § 324A's requirement that one undertake to render services to another:

> Evidence demonstrating merely that a benefit was conferred upon another is not sufficient to establish an undertaking which betokens duty. Persons pursuing their own interests often benefit others in the process. Accordingly, where a plaintiff seeks to prove an undertaking by conduct which benefits another and that conduct is consistent with a primary purpose on the part of the actor to benefit himself, the plaintiff must offer additional evidence to create a jury question whether there was an undertaking to render services and hence a duty to one who might foreseeably be injured by the actor's failure to perform the undertaking with reasonable care.

*Id.,* 303 N.W.2d at 712.

While it is not necessary for us to adopt the rationale expressed in *Smith* in toto, we do agree that when the evidence discloses that the defendant's conduct benefitted another, a defendant must then show that his actions were consistent with a primary purpose on his part to benefit himself. We also agree that when the defendant makes such a showing, the burden is then on the plaintiff to make an additional showing. To place upon a defendant the burden claimed by Schultz would simply be unfair when, as here, there is unchallenged evidence that the second party did not rely upon the actor's conduct.

## CONCLUSION

Mills Mutual's showing clearly reflects that its inspections of Farmers Cooperative were primarily for its own purposes and that Farmers Cooperative did not rely upon the inspections or the resulting re-

ports. In response to this showing, Schultz failed to make any showing required by SDCL 15–6–56(e). Thus, we conclude that the trial court properly decided that no genuine issues of material fact existed. We further conclude that the trial court properly decided that Mills Mutual assumed no duty toward Schultz and was entitled to a judgment as a matter of law.

The trial court's order granting summary judgment is affirmed.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.

JOHNS, Circuit Judge, for WUEST, J., disqualified.