WELCH, APPELLANT, *v.* BROWN'S NURSING HOME ET AL., APPELLEES.

(No. C-830724—Decided July 11, 1984.)

*Ivan L. Tamarkin,* for appellant.

*Strauss, Troy & Ruehlmann Co., L.P.A.,* and *Ernest A. Eynon II,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant, Irene Welch, filed an action for damages arising out of her employment with defendant-appellee Brown's Nursing Home. The plaintiff, in her complaint, contends that she was wrongfully discharged from her employment. Plaintiff contends that her termination was in breach of her employment contract and in retaliation for her reporting alleged violations of R.C. 3721.10 to 3721.17 to the Ohio Commission on Aging. Upon cross-motions for summary judgment, the court granted

judgment in favor of the defendants. From this judgment, plaintiff now appeals.

The record reflects that appellant did report alleged patient mistreatment to the Ohio Commission on Aging. The record further reflects that a meeting of all the employees on the third shift, of which appellant was one, was called prior to commencement of the shift. It was during this meeting that appellee, Rev. P.J. Brown, allegedly embarrassed and threatened appellant, causing her to become so upset that she left work a few hours later. Thereafter, appellant met with Rev. Brown and his wife, and a handwritten document was executed which reads:

"I Irene Welch was asked by Rev. Prentice Brown to take a L.O.A. [leave of absence] without pay because of an incident against the Brown's Nursing Home. I understand this is not a fire a L.O.A. [sic] until the problem is solved.

"(X)   Rev. P. L. [sic] Brown, Adm.
"(X)   Irene Welch[.]"

Since February 11, 1981, the date the document was written, until initiation of the cause sub judice, neither party has contacted the other concerning resumption of appellant's duties.

Appellant brings four assignments of error. In the first assignment, appellant contends that the court erred in granting summary judgment. Appellant's underlying complaint is the court's finding that there was no implied contract of employment between the parties. Appellant admits in her deposition that she had no contract at the time her employment initially commenced, but claims that a contract may be implied from the handwritten document set forth above. We disagree.

The law in Ohio is that a contract of employment for an indefinite term is to be considered a contract terminable at will by either party. *Henkel* v. *Educational Research Council of America* (1976), 45 Ohio St. 2d 249 [74 O.O.2d 415]. Accordingly, such contracts can be terminated for any cause, even if done in gross or reckless disregard of an employee's rights. See *Fawcett* v. *G.C. Murphy & Co.* (1976), 46 Ohio St. 2d 245, 247-251 [75 O.O.2d 291]. There can be no question, based on the record, that the appellant's employment was terminable at will. Therefore, appellant's employment could have been expressly terminated immediately upon her return to work. The fact that Rev. Brown may have intended to allow appellant to resume her duties did not remove the employment from an "at will" status. Rev. Brown remained free to change his mind at any time and terminate the appellant's employment. Any issue of fact with respect to Rev. Brown's intent on February 11, 1981 is not "material." Civ. R. 56(C). The material fact is whether the employment was and continued to be terminable at will. With respect to this fact, we find no genuine issue. See *Fuhrman* v. *Avon Products, Inc.* (June 6, 1984), Hamilton App. No. C-830541, unreported. The assignment is overruled.

In her second assignment, appellant contends that the court erred in finding that the complaint did not encompass a cause of action for tort. A review of the complaint reflects that it is grounded on the alleged breach of an implied contract of employment. Appellant contends that the assertion in the complaint of a violation of the laws governing nursing homes is an assertion of a tort. We find no merit to appellant's contention. The violation of the statutes governing nursing homes does not give rise to a civil action for damages for the reasons given in response to the third assignment. The assignment is overruled.

The third assignment of error presents the issue of whether a civil cause of action is to be implied from R.C. 3721.17. R.C. 3721.17 provides in pertinent part:

"(G) No home or employee of a home shall retaliate against any person who:

"(1) Exercises any right set forth in sections 3721.10 to 3721.17 of the Revised Code, including, but not limited to, filing a complaint with the home's grievance committee or reporting an alleged violation to the Ohio commission on aging;

"(2) Appears as a witness in any hearing conducted under this section and section 3721.16 of the Revised Code;

"(3) Files a civil action alleging a violation of sections 3721.10 to 3721.17 of the Revised Code, or notifies a county prosecuting attorney or the attorney general of a possible violation of sections 3721.10 to 3721.17 of the Revised Code.

"If, under the procedures outlined in this section, a home or its employee is found to have retaliated, the violator may be fined up to one thousand dollars."

We find the case of *Fawcett* v. *G.C. Murphy & Co., supra,* to be controlling. The court in *Fawcett* was confronted with the issue of "whether the 'statutory policy' set forth in R.C. 4101.17 'must be implemented by Ohio courts in a private civil action for damages.' " *Id.* at 247. Unlike the statute involved herein, R.C. 4101.17 does not include within its terms a remedy for its breach. Therefore, the court analyzed the Chapter of the Revised Code entitled "Department of Industrial Relations" and concluded that the department was vested with the authority to enforce R.C. 4101.17. *Fawcett, supra,* at 248-249. The court, citing *Johnson* v. *United States Steel Corp.* (1964), 348 Mass. 168, 202 N.E.2d 816, noted that the employer's duty not to discharge an employee before the employee had reached the age of sixty-five was solely the creature of statute and that no such duty existed at common law. *Fawcett, supra,* at 249. The court then concluded that the General Assembly, not having expressly provided a civil remedy, could not be held, by "clear implication," to have intended to create such a remedy. *Id.*

In the cause *sub judice,* the General Assembly has provided a remedy, namely, a fine up to one thousand dollars. The General Assembly has further provided that the Department of Health is to assess the fine, R.C. 3721.17(G) and 3721.17(E), and that the adjudicative hearing held to determine code violations is to be conducted pursuant to the provisions of R.C. Chapter 119 concerning administrative procedure. R.C. 3721.17(D). We also take note that the duty on the employer not to retaliate is, as was the duty in *Fawcett,* solely a creature of statute. In light of the foregoing, we find no "clear implication" that the General Assembly intended to provide a civil remedy. The statute is administrative and does not create a cause of action by an employee against an employer for a retaliatory termination of employment.[1] The assignment is without merit.

The final assignment of error asserting error in the court's finding that R.C. 3721.17 is an administrative statute is overruled for the reasons set forth in response to the third assignment of error.

All assignments of error having been ruled upon, it is the decision of this court that the judgment herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KEEFE, P.J., DOAN and KLUS-MEIER, JJ., concur.

---

[1] R.C. 3721.17(I), however, expressly provides for a cause of action by a *resident* against any person or home that has been found to have violated their rights. Such a provision serves to support the conclusion that the General Assembly did not intend for an action to be brought by an *employee* for a violation of his "rights."