**Stanley PETERSON, Plaintiff and Appellant,**

**v.**

**The GLORY HOUSE OF SIOUX FALLS, a Non–Profit Corporation, Defendant and Appellee.**

No. 16395.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1989.

Decided July 5, 1989.

Richard L. Johnson, Sioux Falls, for plaintiff and appellant.

Stuart L. Tiede of Woods, Fuller, Schultz & Smith, Sioux Falls, for defendant and appellee.

MORGAN, Justice.

Stanley Peterson (Peterson) appeals from a summary judgment entered against him in his wrongful discharge action against The Glory House of Sioux Falls (Glory House), a nonprofit corporation. We affirm.

Peterson was employed by Glory House from November 1982 through August 30,

---

1985. The mission of Glory House is the aiding and assisting of men in rehabilitating their lives after undergoing an alcohol rehabilitation program or after incarceration in prison. It operates two half-way houses in Sioux Falls, "Glory House" and "Glory House Too." Peterson was employed as Director of Glory House Too. He had no employment contract and was given no assurances of employment for any specific term. Peterson's employment was terminated on August 30, 1985.

Peterson brought a wrongful discharge action against Glory House, alleging that he was terminated in retaliation for warning a resident of Glory House Too about the improper sexual conduct of a fellow employee. For purposes of reviewing a summary judgment, we have to assume that to be the reason. Peterson's complaint set out two causes of action: (1) for breach of an implied covenant of good faith and fair dealing, and (2) for tortious discharge contrary to public policy. Glory House moved for judgment on the pleadings. Treating it as a motion for summary judgment, the trial court granted summary judgment, dismissing Peterson's complaint with prejudice. Peterson appeals.

On appeal, although recognizing that South Dakota is an employment-at-will state (SDCL 60–4–4), Peterson raises the issue of whether the trial court erred in granting summary judgment because under the facts of this case, South Dakota law should recognize: (1) a public policy exception to the employment-at-will doctrine, which creates a cause of action in tort for wrongful discharge; and (2) an implied covenant of good faith and fair dealing between employer and employee, which creates a cause of action for breach of said covenant.

We first define our scope of review from an order granting summary judgment. In *Nizielski v. Tvinnereim*, 429 N.W.2d 483, 485 (S.D.1988) (quoting *Time Out, Inc. v. Karras*, 392 N.W.2d 434, 436–37 (S.D. 1986)) we stated:

Our scope of review on appeal is not under the 'clearly erroneous' doctrine, but rather under the strict standards attendant upon entry of summary judgment as delineated in [*Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968),]:

(1) Evidence must be viewed most favorable to the nonmoving party;

(2) The burden of proof is on the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law;

(3) Summary judgment is not a substitute for a court trial or for trial by jury where any genuine issue of material facts exists;

(4) Surmise that a party will not prevail upon trial is not sufficient basis to grant summary judgment on issues which are not shown to be sham, frivolous or so unsubstantial that it is obvious that it would be futile to try them;

(5) Summary judgment is an extreme remedy which should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant;

(6) When no genuine issue of fact exists, summary judgment is looked upon with favor and is particularly adaptable to expose sham claims and defenses.

■ We next examine Peterson's public policy issue. Clearly, South Dakota is an employment-at-will state. SDCL 60–4–4 provides in pertinent part: "An employment having no specified term may be terminated at the will of either party[.]"

We have recently carved out a narrow public policy exception to this employment-at-will doctrine. In *Johnson v. Kreiser's, Inc.*, 433 N.W.2d 225, 227 (S.D.1988), we stated:

An employee has a cause of action for wrongful discharge when the employer discharges him in retaliation for his refusal to commit a criminal or unlawful act. It is repugnant to public policy to expect an employee to commit such acts in order to save his job. Consequently, we carve out this exception to the at-will

doctrine codified at SDCL 60–4–4. In doing so, we conclude that a contract action for wrongful discharge is more appropriate than a tort action. A contract action is predicated on the breach of an implied provision that an employer will not discharge an employee for refusing to perform a criminal or unlawful act.

Peterson clearly does not fall within this exception. He was never asked to perform any criminal or unlawful act. The question then becomes, do we expand the exception to cover Peterson's act? We think not. *Johnson* was written very narrowly. After the statements quoted above, we added this caveat:

> Furthermore, we leave the statutory at-will doctrine intact, subject only to this narrow public policy exception and our holding in *Osterkamp [v. Alkota Mfg., Inc.,* 332 N.W.2d 275 (S.D.1983) ], regarding employee handbooks and *Larson v. Kreiser's Inc.,* 427 N.W.2d 833 (S.D. 1988), regarding an employer's oral representations.

433 N.W.2d at 228.

Peterson argues that it is the public policy of this state that individuals not be subjected to sexual harassment or intimidation and even though Peterson was not subjected to sexual intimidation, he was fired for warning a resident of this possibility; therefore, this public policy should be extended to cover him.

Glory House argues that Peterson fits within the "whistleblower" category of cases under the public policy exception as adopted in some states. We agree. *See Rozier v. St. Mary's Hospital,* 88 Ill. App.3d 994, 44 Ill.Dec. 144, 411 N.E.2d 50 (1980); *Brown v. Physicians Mut. Ins. Co.,* 679 S.W.2d 836 (Ky.App.1984); *Watassek v. Mich. Dept. of Mental Health,* 143 Mich. App. 556, 372 N.W.2d 617 (1985); *Welch v. Brown's Nursing Home,* 20 Ohio App.3d 15, 484 N.E.2d 178 (1984). Furthermore, Peterson was not fired "in retaliation for his refusal to commit a criminal or unlawful act," as required by *Johnson, supra;* therefore, this case does not fall within

South Dakota's public policy exception to the employment-at-will doctrine.

The alleged improper conduct is that of a fellow employee. The only act of Peterson at issue is the act of relating the alleged conduct to a resident. He did not report the conduct to any superior, as is the case in most of the "whistleblower" cases. We hold that this case does not fall within our public policy exception to the employment-at-will doctrine, nor do we intend to expand it to do so.

■ As his second issue, Peterson contends that the trial court erred in rejecting his cause of action based on breach of an implied covenant of good faith and fair dealing. We disagree. This court has made it abundantly clear that we reject a cause of action based on breach of an implied covenant of good faith and fair dealing. In *Breen v. Dakota Gear & Joint Co., Inc.,* 433 N.W.2d 221, 224 (S.D.1988), we said: "We ... join the Supreme Court of Kansas in rejecting transplantation of the covenant of good faith and fair dealing into the foreign soil of the employment-at-will doctrine."

Finally, Peterson argues that summary judgment was improper because there is no genuine issue of material fact and because this court has not definitively rejected his causes of action, he has a right to a trial.

SDCL 15–6–56(c) provides that summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We agree that there is no material issue of fact. However, Peterson is in error when he says that we have not definitively rejected his causes of action. As detailed in the discussions above, we have defined the boundaries of our public policy exception to the employment-at-will doctrine and we have repeatedly refused to recognize a cause of action based on an implied covenant of good faith and fair dealing. On the facts of this case, Glory House was entitled to judgment as a matter of law. The trial court did not err in granting summary judgment.

We affirm.

WUEST, C.J., and HENDERSON and MILLER, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

Genuine issues of material fact exist as to whether Peterson was fired in retaliation for his reporting certain matters about his superior to the Glory House board members. *Groseth International, Inc. v. Tenneco, Inc.*, 410 N.W.2d 159 (S.D.1987); *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). I would reverse and remand for a jury trial because Glory House breached its obligation to Peterson of good faith and fair dealing. *See* my prior writings in *Butterfield v. Citibank of South Dakota*, 437 N.W.2d 857, 860 (S.D.1989); *Breen v. Dakota Gear & Joint Co., Inc.*, 433 N.W.2d 221, 224 (S.D. 1988); *Johnson v. Kreiser's, Inc.*, 433 N.W.2d 225, 228 (S.D.1988); *French v. Dell Rapids Community Hospital*, 432 N.W.2d 285, 292 (S.D.1988); *Larson v. Kreiser's, Inc.*, 427 N.W.2d 833, 835 (S.D.1988); *Blote v. First Fed. Sav. & Loan Ass'n of Rapid City*, 422 N.W.2d 834, 838 (S.D.1988).