963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Debra ROXBERRY, Plaintiff-Appellant,
v.
ROBERTSON AND PENN, INC., also known as National Service
Company, Defendant-Appellee.
 No. 91-3330.
 United States Court of Appeals, Tenth Circuit.
 May 15, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The sole issue presented on appeal is whether the district court erred in granting summary judgment to the defendant-appellee, Robertson And Penn, Inc., on the ground that plaintiff-appellant Roxberry had failed to state a cause of action for wrongful discharge by retaliation for whistle-blowing because Roxberry reported the claimed contract violation to the victim rather than to either company management or law enforcement officials.
 
 
 3
 The district court relied on Palmer v. Brown, 242 Kan. 893, 752 P.2d 685 (Kan.1988) which holds that the whistle-blowing must be reported "... to either company management or law enforcement officials" in order to support a cause of action in tort for employment termination in retaliation for good faith reporting of infraction of rules, regulations or laws. Id. at 900.
 
 
 4
 We AFFIRM substantially for the reasons set forth in the district court Memorandum and Order dated and filed September 30, 1991, a copy of which is attached hereto and by reference made a part hereof. We deny appellant's motion for certification of question to the Supreme Court of the State of Kansas.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
 
 
 6
 DEBBIE ROXBERRY, Plaintiff,
 
 
 7
 vs.
 
 
 8
 ROBERTSON AND PENN, INC., a/k/a National Service Company, Defendant.
 
 No. 90-1323-K
 MEMORANDUM AND ORDER
 
 9
 This matter is before the court on defendant Robertson and Penn, Inc.'s motion for summary judgment.
 
 
 10
 Debbie Roxberry, plaintiff and a former employee of the defendant, filed suit against the defendant seeking compensatory damages for alleged retaliatory discharge. Plaintiff contends she was discharged in retaliation for reporting improper acts of the defendant in its performance under a contract with the United States of America. In its motion for summary judgment, defendant asserts a lack of jurisdiction based upon diversity or a federal question, and contends plaintiff was discharged for good cause.
 
 
 11
 Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must resolve all disputed facts in favor of the party resisting summary judgment. White v. General Motors Corp., Inc., 908 F.2d 669, 670 (10th Cir.1990), cert. denied, 59 U.S.L.W. 3441 (1991). Summary judgment shall be denied if the moving party fails to demonstrate its entitlement beyond a reasonable doubt. Norton v. Liddel, 620 F.2d 1375, 1381 (10th Cir.1980).
 
 
 12
 The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing of an essential element of the case for which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986), cert. denied, 484 U.S. 1066 (1988). In resisting a motion for summary judgment, the nonmoving party may not rely upon mere allegations, or denials, contained in its pleadings or briefs. Rather, the party must come forward with specific facts showing the presence of a genuine issue for trial. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. Celotex, 477 U.S. at 323-24.
 
 
 13
 A hearing on the motion was held on September 25, 1991. At that time both parties presented arguments and the court announced its decision. Consistent with its decision at the hearing, and for the reasons cited herein, the court grants defendant's motion for summary judgment.
 
 
 14
 Upon review of the record and the parties' arguments concerning summary judgment, the court makes the following findings of undisputed material facts.
 
 
 15
 Defendant, a Missouri corporation, is a private contractor to the United States of America for laundry and dry cleaning services at Fort Riley. Plaintiff was employed by defendant as supervisor of the dry cleaning department until her termination on May 3, 1990.
 
 
 16
 In March, 1990, plaintiff told Willie Dawson that certain shirts had been washed rather than dry cleaned, the process for which they had been delivered. Willie Dawson was an employee of JC & N, a private contractor to the United States government which operated the Central Issue Facility at Fort Riley. Upon inquiry, plaintiff told her project manager that she had informed Dawson some shirts were washed rather than dry cleaned. It is a controverted fact as to who initiated the conversation between Dawson and plaintiff. Plaintiff asserts that Dawson approached her and asked about the shirts. Defendant contends plaintiff initiated the conversation with Dawson and then lied about that fact when questioned by the project manager.
 
 
 17
 On May 3, 1990, plaintiff's employment with defendant was terminated. She alleges the discharge was in retaliation for informing Dawson of the alleged contract violation. Defendant claims it had permission to wash the shirts and plaintiff, therefore, had no wrongdoing to report.
 
 
 18
 Defendant also contends plaintiff was discharged for good cause based upon her untruthfulness in reporting the conversation with Dawson, refusing to learn all the duties required of a supervisor, and bearing a bad attitude at work. Finally, defendant argues plaintiff was not a whistle-blower because she did not report the incident to the proper authorities.
 
 Conclusions of Law
 
 19
 The first issue the court considers is whether plaintiff has sufficiently pleaded a cause of action for retaliatory discharge. The record indicates plaintiff was an at-will employee. The employment of an at-will employee is terminable at the will of either party at any time and for any cause. Kistler v. Life Care Centers of America, Inc., 620 F.Supp. 1268, 1269 (D.C.Kan.1985). Kansas courts, however, have recognized a public policy exception to this general rule. Murphy v. City of Topeka, 6 Kan.App.2d 488, 630 P.2d 186 (1981) (employee discharged for filing worker's compensation claim has actionable tort claim).
 
 
 20
 In Palmer v. Brown, 242 Kan. 893, 752 P.2d 685 (1988), the Kansas Supreme Court recognized that an at-will employee has a cause of action against an employer for discharge in retaliation for "whistle-blowing". Therein the court stated:
 
 
 21
 Public policy requires that citizens in a democracy be protected from reprisals for performing their civil duty of reporting infractions of rules, regulations, or the law pertaining to public health, safety, and the general welfare. Thus, we have no hesitation in holding termination of an employee in retaliation for the good faith reporting of a serious infraction of such rules, regulations or the law by a co-worker or an employer to either company management or law enforcement officials (whistle-blowing) is an actionable tort. To maintain such an action, an employee has the burden of proving by clear and convincing evidence, under the facts of the case, a reasonably prudent person would have concluded the employee's co-worker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and the employee was discharged in retaliation for making the report. However, the whistle-blowing must have been done out of a good faith concern over the wrongful activity reported rather than from a corrupt motive such as malice, spite, jealousy or personal gain.
 
 
 22
 Palmer, 242 Kan. at 900 (emphasis added).
 
 
 23
 In the present matter, plaintiff has failed to establish a case of whistle-blowing. Plaintiff asserts she reported the alleged contract violation to Willie Dawson. Willie Dawson, however, was simply an employee of a private company who also contracted with the United States government. In order to maintain an action for retaliatory discharge based upon whistle-blowing, the plaintiff must report an alleged infraction to either company management or law enforcement. Palmer, 242 Kan. at 900.
 
 
 24
 In those jurisdictions which have recognized retaliatory discharge for whistle-blowing as an actionable tort, the plaintiff has revealed to the proper authorities evidence of unlawful acts by the employer. See McQuary v. Bel Air Convalescent Home, Inc., 69 Or.App. 107, 684 P.2d 21 (1984) (plaintiff reported alleged patient mistreatment to state health division); Watassek v. Michigan, Dept. of Mental Health, 143 Mich.App. 556, 372 N.W.2d 617 (1985) (state employee reported alleged patient abuse to immediate supervisor); Harless v. First Nat. Bank, 162 W.Va. 116, 246 S.E.2d 270 (1978) (plaintiff reported to proper banking authorities illegal overcharges on credit accounts by employer bank). Even in those cases where the court declined to impose employer liability for retaliatory discharge of whistle-blowers, the plaintiff had reported the alleged violations to proper authorities. See Marin v. Jacuzzi, 224 Cal.App.2d 549, 36 Cal.Rptr. 880 (1964) (plaintiff reported alleged securities violations to Dept. of Investment, Div. of Corporations of the State of California); Pavolini v. Bard Air Corp., 88 App.Div.2d 714, 451 N.Y.S.2d 288 (1982) (plaintiff reported employer safety violation to Federal Aviation Administration); Welch v. Brown's Nursing Home, 20 Ohio App.3d 15, 484 N.E.2d 178 (1984) (plaintiff reported alleged patient abuse to State Commission on Aging).
 
 
 25
 Plaintiff has failed to plead a cause of action for retaliatory discharge. The court finds insufficient evidence to establish that plaintiff reported the alleged misconduct to her supervisor or any member of company management, or to any member of the controlling governmental agency. Therefore, summary judgment is proper.
 
 
 26
 Based upon the above conclusion, the court finds it unnecessary to rule on additional issues raised by the parties.
 
 
 27
 IT IS THEREFORE ORDERED this 30th day of September, 1991, that the defendant's motion for summary judgment (Dkt. No. 61) is granted.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3