SPROSTY, Appellee and Cross–Appellant,

v.

PEARLVIEW, INC., d.b.a. Corinthian, Inc., Appellant and Cross–Appellee.*

[Cite as *Sprosty v. Pearlview, Inc.* (1995), 106 Ohio App.3d 679.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 67704, 67728, 67997.

Decided Oct. 2, 1995.

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 75 Ohio St.3d 1405, 661 N.E.2d 754.

680

*Spangenberg, Shibley, Traci, Lancione & Liber, Dennis R. Lansdowne* and *Ellen Simon Sacks,* for appellee and cross-appellant.

*Smith, Marshall & Weaver, Frederick P. Vergon, Jr.* and *Benjamin L. Moltman III,* for appellant and cross-appellee.

LEO M. SPELLACY, Judge.

Defendant, The Corinthian, Inc., appeals the award of punitive damages and attorney fees. Corinthian raises four assignments of error:

"I. The trial court erred in failing to grant [Corinthian's] motion for a directed verdict on the issue of punitive damages.

"II. The trial court erred in awarding attorney fees to plaintiff-appellee.

"III. The trial court erred in failing to rule that the Ohio Nursing Home Residents' Bill of Rights are administrative statutory provisions which do not create private causes of action for personal injury or wrongful death.

"IV. The trial court abused its discretion in allowing evidence testimony as to the condition of Corinthian Nursing Center which evidence was extremely prejudicial to Corinthian and had little or no probative value."

Plaintiff, Therese Sprosty, administrator of the estate of Margaret Sprosty, deceased, appeals the award of punitive damages. Sprosty raises two assignments of error:

"I. The trial court erred in not allowing the jury to determine the amount of punitive damages.

"II. The trial court erred in not instructing the jury on the right to award punitive damages if actual malice is found."

We find that Corinthian's assignments of error lack merit and that Sprosty's first assignment of error has merit. We further find it unnecessary to address Sprosty's second assignment of error. Consequently, we affirm the judgment in part, reverse the award of punitive damages, and remand for further proceedings for Sprosty's claim for punitive damages.

I

Following a hospital stay, Margaret Sprosty was admitted to a nursing home operated by Corinthian to recuperate before returning home. Three weeks later she was admitted to a hospital, where she died. Therese Sprosty subsequently brought this action for personal injuries and wrongful death, alleging negligence and a violation of Margaret Sprosty's rights as a nursing home resident.

A jury awarded Sprosty $350,000 for personal injuries and $50,000 for the wrongful death, and found her entitled to punitive damages. The trial court later awarded $100,000 in punitive damages and $158,218 in attorney fees.

II

In its first assignment of error, Corinthian contends that the trial court erred in denying its motion for a directed verdict on the claim for punitive damages.

■ R.C. 3721.10 to 3721.19 set forth the rights of nursing home residents. R.C. 3721.17(I) provides:

"Any resident whose rights under sections 3721.10 to 3721.17 of the Revised Code are violated has a cause of action against any person or home committing the violation. The action may be commenced by the resident or by his sponsor on his behalf. *The court may award actual and punitive damages for violation of these rights.* The court may award to the prevailing party reasonable attorney's fees limited to the work reasonably performed." (Emphasis added.)

Corinthian argues that R.C. 2315.21, which governs the recovery of punitive damages in tort actions, requires a demonstration of malice before punitive damages are available under R.C. 3721.17(I). R.C. 2315.21(D)(1), however, provides:

"(D) This section does not apply * * * to the extent that another section of the Revised Code expressly provides any of the following:

"(1) Punitive * * * damages are recoverable from a defendant in question in a tort action on a basis other than that the actions or omissions of that defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult * * *."

In *Slagle v. Parkview Manor, Inc.* (Oct. 7, 1983), Stark App. No. CA–6155, unreported, 1983 WL 7079, a case decided before the enactment of R.C. 2315.21, the court addressed whether R.C. 3721.17(I) altered the common-law standard for awarding punitive damages. The *Slagle* court found that:

"In our view, the statute would have been pointless and unnecessary to enact if it merely restated the common law. We find R.C. 3721.17(I) clearly and simply gives 'any residents whose rights * * * are violated * * *' a cause of action for which the court [may] award actual and punitive damages for violation of the rights. The statute says so in those simple words and we think that is what the legislation was intended to accomplish. In short, we think the right to punitive damages flows directly and simply from the failure to furnish 'adequate and appropriate care' and we so hold. We hold this to be true even where it be assumed arguendo that the evidence did not justify a finding of malice or an award of punitive damages under a common law theory. We add, incidentally, that the procedural posture of this appeal does not require us to decide whether the evidence in this case shows malice or supports punitive damages under a common law theory."

Reviewing R.C. 3721.17(I), we agree with the *Slagle* court and conclude that the statute expressly provides that a violation of the rights found in R.C. 3721.10 to 3721.17 forms the basis of punitive damages.

Corinthian also argues that, if R.C. 2315.17 is inapplicable, the common-law standard for punitive damages should be applied. We find, however, that R.C. 3721.17 clearly requires nothing more than a violation of the rights encompassed in R.C. 3721.10 to 3721.17.

■ Corinthian goes on to argue that R.C. 3721.17(I) is unconstitutional because it allows the award of punitive damages on a standard of less than malice. Corinthian, however, failed to make this argument in the trial court. Consequently, we decline to address it now. See *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus; *Powell v. Toledo Blade Co.* (1994), 93 Ohio App.3d 341, 343, 638 N.E.2d 609, 610–611.

Accordingly, Corinthian's first assignment of error is not well taken.

## III

In its second assignment of error, Corinthian contends that the trial court erred in awarding attorney fees.

■ Corinthian argues that the issue of attorney fees should have been submitted to the jury. Corinthian also argues that Sprosty waived her right to attorney fees by failing to request the submission of this issue to the jury. Corinthian, however, agreed to have the trial court determine the issue of attorney fees during the following exchange:

"MS. SIMON–SACKS: I don't want to belabor this, but I didn't hear any objection to the procedure that the court wants to follow with respect to, if there was a—if the jury finds punitive damages, then the attorneys' fees issue can be submitted to the Court.

"Is there any objection to that procedure or—

" * * *

"MS. HOVIS SUKEL: I don't think there is an objection to a hearing at a later date. That's fine.

"THE COURT: You will have it."

■ Corinthian further argues that attorney fees were improper because there was no showing of malice. Corinthian's argument rests on the principle that attorney fees are available only in conjunction with punitive damages and that punitive damages, in turn, require malice. This syllogism fails. The attorney fees allowed by R.C. 3721.17(I) are statutory; punitive damages are unnecessary. In addition, we have already concluded that R.C. 3721.17(I) allows for punitive damages when the rights found in R.C. 3721.10 to 3721.17 are violated.

Accordingly, Corinthian's second assignment of error is not well taken.

## IV

■ In its third assignment of error, Corinthian contends that the trial court erred by finding that R.C. 3721.10 to 3721.17 create a private cause of action for personal injuries or wrongful death.

■ Corinthian waived its right to maintain this issue on appeal by failing to raise it in the trial court. *Cuyahoga Metro. Hous. Auth. v. Younger* (1994), 93 Ohio App.3d 819, 824, 639 N.E.2d 1253, 1256.

Even if we were to address this issue we would find no error. Corinthian cites *Welch v. Brown's Nursing Home* (1984), 20 Ohio App.3d 15, 20 OBR 16, 484 N.E.2d 178, for the proposition that R.C. 3721.17(I) creates only an administra-

tive remedy and not a private cause of action. This reliance on *Welch* is misplaced. *Welch* held that R.C. 3721.17(G) is administrative and does not create a private cause of action for a nursing home employee discharged in retaliation for reporting a violation. *Id.* at 17, 20 OBR at 17–18, 484 N.E.2d at 179–180. *Welch* noted, however, that "R.C. 3721.17(I) * * * expressly provides for a cause of action by a *resident* against any person or home that has been found to have violated [his] rights." (Emphasis *sic.*) *Id.* at 17, 20 OBR at 18, 484 N.E.2d at 180, fn. 1.

Accordingly, Corinthian's third assignment of error is not well taken.

## V

In its fourth assignment of error, Corinthian contends that the trial court erred when it admitted evidence concerning the condition of the nursing home.

We review the admission of evidence for abuse of discretion. *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 526, 639 N.E.2d 771, 782–783; *Tulloh v. Goodyear Atomic Corp.* (1994), 93 Ohio App.3d 740, 752, 639 N.E.2d 1203, 1210–1211. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State ex rel. McMaster v. School Emp. Retirement Sys.* (1994), 69 Ohio St.3d 130, 133, 630 N.E.2d 701, 705.

Corinthian argues that evidence concerning the condition at the nursing home should have been excluded under Evid.R. 402 and 403(A). Evid.R. 402 precludes the admission of irrelevant evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Evid.R. 401. Evid.R. 403(A) precludes the admission of evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

Corinthian objects to the admission of state reports concerning Corinthian's treatment of other residents, testimony that employees had left because of Corinthian's low standard of care for its residents, testimony that residents were not properly cared for, and testimony that Corinthian was understaffed.

The admission of this evidence does not rise to the level of an abuse of discretion. The trial court's conclusion that this evidence was relevant and that its probative value was not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury" falls short of demonstrating an unreasonable, arbitrary, or unconscionable attitude.

Accordingly, Corinthian's fourth assignment of error is not well taken.

## VI

■ In her first assignment of error, Sprosty contends the trial court erred when it found constitutional the requirement of R.C. 2315.21(C)(2) that the trial court and not the jury determine the amount of punitive damages.

*Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, paragraph two of the syllabus, recently held that "R.C. 2315.21(C)(2) violates the right to trial by jury under Section 5, Article I of the Ohio Constitution." We find, therefore, that the trial court erred when it found R.C. 2315.21(C)(2) constitutional.

Accordingly, Sprosty's first assignment of error is well taken.

## VII

In her second assignment of error, Sprosty contends that the trial court erred when it refused to instruct the jury on the actual malice standard for punitive damages.

Our resolution of Corinthian's first assignment of error renders it unnecessary for us to address this assignment of error.

The judgment is affirmed in part and reversed in part, and the cause remanded for further proceedings on Sprosty's claim for punitive damages.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

PATTON, C.J., and O'DONNELL, J., concur.