ROTHSTEIN, Appellant,

v.

MONTEFIORE HOME, Appellee.

[Cite as *Rothstein v. Montefiore Home* (1996), 116 Ohio App.3d 775.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70114.

Decided Dec. 23, 1996.

*William M. Fumich,* for appellant.

*Weston, Hurd, Fallon, Paisley & Howley* and *Warren Rosman,* for appellee.

NAHRA, Presiding Judge.

On March 28, 1995, appellant Betty E. Rothstein, individually and as executor of the estate of Benjamin Rothstein, filed an action against appellee, the Montefiore Home ("the Home"), alleging claims of invasion of privacy of both the estate and Betty Rothstein and violation of the Ohio Patient's Bill of Rights, R.C. 3721.10 *et seq.,* as well as unnamed federal regulations.

Appellant's complaint avers that Betty Rothstein, as spouse and attorney in fact for Benjamin Rothstein, applied for admission to the Home and in so doing disclosed medical information regarding Benjamin Rothstein and financial information regarding both Benjamin and Betty Rothstein. It also states that Benjamin Rothstein was placed upon a waiting list for admission to the Home and that he died prior to entry. It further states that the Home released the financial information to Barbara Caplin, Benjamin Rothstein's daughter and Betty Rothstein's stepdaughter. The complaint additionally alleges special damages of the estate incurred in defending a will contest brought as a result of the release of information to Caplin.

On June 5, 1995, the Home moved to dismiss the claims of the estate and the claims under the Patients' Bill of Rights pursuant to Civ.R. 12(B)(6). On September 7, 1995, the court granted the motion to dismiss without comment.

On October 23, 1995, the Home moved for summary judgment on the claims of Betty Rothstein. On December 24, 1995, the court granted the motion for summary judgment without comment.

## I

Appellant's second assignment of error states:

"The trial court erred in granting defendant/appellee's motion to dismiss the claims relating to plaintiff/appellant's capacity as executrix of the estate of Benjamin Rothstein."

Appellant's second assignment of error will be addressed first. The complaint is not separated into counts; however, it presents four claims against the Home: (1) a claim of invasion of privacy of the estate of Benjamin Rothstein, (2) a claim of invasion of privacy of Betty Rothstein, (3) a claim under the Patients' Bill of Rights, R.C. 3721.10 et seq., and unnamed federal regulations for the estate, and (4) a claim under the Patients' Bill of Rights as well as unnamed federal regulations for Betty Rothstein.

The Home moved to dismiss claims of the estate for invasion of privacy based upon the proposition that an estate cannot maintain such an action, citing Leach v. Shapiro (1984), 13 Ohio App.3d 393, 13 OBR 477, 469 N.E.2d 1047; Lambert v. Garlo (1985), 19 Ohio App.3d 295, 19 OBR 467, 484 N.E.2d 260; and Young v. That Was The Week That Was (N.D.Ohio 1969), 312 F.Supp. 1337. It also moved to dismiss the claims of the estate and Betty Rothstein under the Patient's Bill of Rights, R.C. 3721.10 et seq., based upon the fact that Benjamin Rothstein was not a patient of the Home and thus the Act did not apply.

Civ.R. 12(B) provides in part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

" * * *

"(6) failure to state a claim upon which relief can be granted."

It is well established that in ruling upon a Civ.R. 12(B)(6) motion, only statements contained within the pleadings are to be considered. Wilson v. Patton (1988), 49 Ohio App.3d 150, 155, 551 N.E.2d 625, 630.

Appellant alleges that the estate suffered damages as a result of the release of the Rothsteins' financial information to Caplin and that the release was an invasion of its privacy. Ohio first recognized the tort of invasion of privacy in

*Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340. Paragraph two of the syllabus in *Housh* states:

"An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, *or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.*" (Emphasis added.)

This definition tracks three of the four branches of the tort of invasion of privacy as outlined in the Restatement of the Law 2d, Torts (1977), Section 652A. At issue in this case is the branch of the tort known as the intrusion upon another's seclusion.

In *Sustin v. Fee* (1982), 69 Ohio St.2d 143, 23 O.O.3d 182, 431 N.E.2d 992, the Supreme Court defined the scope of liability for intrusion into another's seclusion:

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." 69 Ohio St.2d at 145, 23 O.O.3d at 184, 431 N.E.2d at 993–994, quoting Restatement of the Law 2d, Torts (1977), Section 652B.

In *Young v. That Was The Week That Was,* the district court, applying Ohio law, held that the tort of invasion of privacy was personal and that the estate of a woman satirized on a television show could not bring an action "unless there is some unwarranted disclosure or exploitation of the private affairs or personality *of the complaining party himself.*" (Emphasis *sic.*) 312 F.Supp. at 1340. Since *Young,* Ohio courts have held that the tort action for invasion of privacy is personal and cannot be brought by the estate. *Lambert v. Garlo; Leach v. Shapiro, supra;* see, also, *Arnold v. Am. Natl. Red Cross* (1994), 93 Ohio App.3d 564, 580–581, 639 N.E.2d 484, 495 (law does not recognize survival of action for invasion of privacy); Restatement of the Law 2d, Torts (1977), Section 652I ("Except for the appropriation of one's name or likeness, an action for invasion of privacy can be maintained only by a living individual whose privacy is invaded.").

 The action for invasion of privacy compensates the victim for "mental suffering, shame or humiliation." *Housh, supra;* see, also, Restatement of the Law 2d, Torts (1976), Section 652H. As an estate is not a living person, it cannot suffer these damages. The court properly dismissed the estate's claim of invasion of privacy.

The complaint also alleges violations of the Patients' Bill of Rights, R.C. 3721.10 *et seq.* A resident of a home is entitled to:

"The right to confidential treatment of personal and medical records, and the right to approve or refuse the release of these records to any individual outside the home, except in case of transfer to another home, hospital, or health care system, as required by law or rule, or as required by a third-party payment contract." R.C. 3721.13(A)(10).

█ This right is enforceable through a civil action by "any resident." R.C. 3721.17(I). A resident is defined as "a resident or patient of a home." R.C. 3721.10(B). The complaint states that Benjamin Rothstein was on a waiting list for entry to the Home. It is clear from the face of the complaint that he did not reside in the Home. The statutory right of action has been granted only to residents. R.C. 3721.10(B); see, e.g., Welch v. Brown's Nursing Home (1984), 20 Ohio App.3d 15, 17, 20 OBR 16, 17–18, 484 N.E.2d 178, 180, fn. 1 (in support of denying action for retaliation by employee of home, R.C. 3721.17[I] read to limit cause of action to residents only). Similarly, the federal regulations cited by appellant are for the benefit of residents of homes. Appellant has not demonstrated that the estate or Betty Rothstein is entitled to maintain a cause of action.

The court properly granted appellee's motion to dismiss the claims of the estate, as it cannot maintain an action for invasion of privacy and the claims under R.C. 3721.10 et seq., because Benjamin Rothstein was not a resident of the Home. Appellant's second assignment of error is overruled.

## II

Appellant's first assignment of error states:

"The trial court erred in granting defendant/appellee's motion for summary judgment."

In its motion for summary judgment, appellee argued that Betty Rothstein could not show that the special damages alleged were caused by the disclosure of the application and that the Home, as a matter of law, was conditionally privileged to disclose the application. Upon this appeal, appellee additionally argues that the release of the application does not constitute an invasion of privacy. For the reasons that follow, we affirm the court's grant of summary judgment.

A grant of summary judgment is to be reviewed de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1158; Palmieri v. Deaconess Hosp. (June 13, 1996), Cuyahoga App. No. 70067, unreported, 1996 WL 325324. A court may grant a motion for summary judgment pursuant to Civ.R. 56 when it determines that:

"(1) No genuine issue as to any material fact remains to be litigated,; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from

the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

The trial court did not specify its grounds for granting appellee's motion for summary judgment. This court must affirm the court's decision if any valid grounds support its decision. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175; *Dunker v. Babitt Funeral Home* (Apr. 25, 1996), Cuyahoga App. No. 69727, unreported, 1996 WL 199827. The Home admits that it returned the application to Caplin containing the Rothsteins' tax returns and a listing of the assets owned by Benjamin and Betty Rothstein individually and jointly. In order for Betty Rothstein's privacy to be invaded, the release of the application to Caplin must be "highly offensive to the reasonable person." *Sustin*, 69 Ohio St.2d at 145, 23 O.O.3d at 184, 431 N.E.2d at 993–994. This court cannot say that the Home's action is highly offensive to the reasonable person.

The tort of invasion of privacy protects persons from having their medical information released without their consent. See, *e.g., Levias v. United Airlines* (1985), 27 Ohio App.3d 222, 27 OBR 262, 500 N.E.2d 370. Nonmedical personal information is not automatically protected. See, *e.g., Shibley v. Time, Inc.* (1974), 40 Ohio Misc. 51, 69 O.O.2d 495, 321 N.E.2d 791 (commercial use of subscriber names and addresses not actionable invasion of privacy); but, see, *Greenwood v. Taft, Stettinius & Hollister* (1995), 105 Ohio App.3d 295, 663 N.E.2d 1030 (disclosure of same-sex medical benefit recipient actionable invasion of privacy if disclosed beyond applicable privilege).

In this case, the application was not released to the public; it was given to a family member. Additionally, the information Caplin received was that of her father, and, only incidentally, that of her stepmother. For these reasons, the giving of the application by the Home to the decedent's daughter does not rise to the level of conduct "highly offensive to the reasonable person." Appellant cannot establish a *prima facie* case to maintain her individual action for invasion of privacy; thus, the court's grant of summary judgment was proper.

Because this court finds that appellant cannot make a claim of invasion of privacy in this case, we need not address the issues of special damages or of conditional privilege raised in the parties' briefs.

Accordingly, appellant's first assignment of error is overruled.

*Judgment affirmed.*

KARPINSKI and PATTON, JJ., concur.