JOURNAL ENTRY AND OPINION
Defendants-appellants, Hartford Fire Insurance Company and Twin City Fire Insurance Company, appeal the judgment of the Cuyahoga County Court of Common Pleas denying their motion for summary judgment and granting plaintiff-appellee, The Corinthian, Inc.'s, cross-motion for partial summary judgment. For the reasons that follow, we dismiss this appeal.
In June 1992, in Case No. 233118, the Estate of Margaret Therese Sprosty (the Estate) filed suit against Corinthian and Carlos E. Zevallos, M.D., asserting wrongful death and survival claims on behalf of Margaret T. Sprosty and her Estate. The Estate's Complaint alleged that Ms. Sprosty was admitted to Corinthian Skilled Nursing Center on June 3, 1991 for rehabilitation and care after hospitalization, and that Ms. Sprosty died on June 24, 1991 as a result of the defendants' negligent care. The Estate later filed an Amended Complaint, adding a claim for violation of Chapter 3721 of the Revised Code (sometimes referred to as the Nursing Home Patients' Bill of Rights). In addition, the Estate sought statutory punitive damages against Corinthian pursuant to R.C. 3721.17(I), which at the time provided that The Court may award punitive damages for violation of [a patient's rights under Chapter 3721]. The provision had been construed to allow for an award of punitive damages without the common law showing of actual malice.[1]
The Sprosty case was tried to a jury in June 1994. The jury returned a verdict for the Estate, awarded compensatory damages in the amount of $400,000 and found Corinthian liable for punitive damages. Pursuant to R.C. 2315.21(C)(2), which provided that the trial judge, rather than the jury, determine the amount of any punitive damages, the trial judge scheduled a separate hearing and awarded punitive damages of $100,000.
The parties appealed to this Court, which affirmed the judgment against Corinthian. Sprosty v. Pearlview, Inc. (1995),106 Ohio App.3d 679. Based on the then just-decided case of Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, however, this Court found that the trial court erred when it, rather than the jury, determined the amount of punitive damages. This Court reversed the punitive damage award and remanded the case for further proceedings on the Estate's claim for punitive damages. Id. at 686.
On June 24, 1996, in Case No. 310829, Corinthian filed a declaratory judgment action against defendants-appellants Hartford Fire Insurance Company and Twin City Insurance Company, a Hartford affiliate. Count One of Corinthian's Complaint sought a declaratory judgment with respect to coverage for the punitive damages to be awarded against Corinthian. Count Two of Corinthian's Complaint alleged that Hartford and Twin City had acted in bad faith in refusing to pay the punitive damage portion of the judgment against Corinthian.
On November 1, 1996, the trial court granted defendants-appellants' motion to bifurcate Corinthian's bad faith claim and stay further proceedings on that claim pending resolution of the coverage claim. Also on November 1, 1996, the trial court entered an order consolidating Case Nos. 233118 and 310829.
Subsequently, Hartford and Twin City filed a motion for summary judgment and Corinthian filed a cross-motion for partial summary judgment regarding whether Hartford and Twin City were obligated to indemnify Corinthian with respect to any punitive damage award rendered in the Sprosty case. On December 16, 1997, the trial court denied defendants-appellants' motion for summary judgment and granted Corinthian's cross-motion for partial summary judgment.
Thereafter, the Estate filed a motion to intervene in Case No. 310829. By judgment entry dated March 3, 1999, the trial court granted the Estate's motion to intervene, accepted the intervenor's complaint and deemed its allegations denied, reaffirmed the trial court's prior ruling denying defendants-appellants' motion for summary judgment and granting Corinthian's cross-motion for partial summary judgment and, pursuant to Civ.R. 54(B), determined that its order was final, there being no just reason for delay.
On March 22, 1999, the trial court dismissed Case No. 233118 with prejudice pursuant to a dismissal entry filed March 18, 1999 by the parties stating that the case is hereby settled and dismissed. On March 26, 1999, pursuant to a stipulation by the parties, the trial court dismissed Corinthian's bad faith claim in Case No. 310829 with prejudice.
Defendants-appellants filed a timely appeal, assigning one assignment of error for our review:
 MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
Appellants contend that pursuant to R.C. 3937.182, neither Hartford nor Twin City can be obligated to indemnify Corinthian for any punitive damages awarded in the Sprosty matter.[2] Appellants also contend, citing State Farm Mut. Ins. Co. v. Blevins (1990),49 Ohio St.3d 165, that the public policy of the State of Ohio precludes insurance coverage for punitive damages. Therefore, they contend, the trial court erred in denying their motion for summary judgment.
Appellee and the intervenor Estate, on the other hand, argue that R.C. 3937.182 is not applicable to an award of punitive damages made pursuant to R.C. 3721.17(I). They also contend that prior to the 1998 amendment of the Nursing Home Patients' Bill of Rights, the mere violation of R.C. 3721.13 was sufficient to support an award of punitive damages pursuant to R.C. 3721.17(I), without a showing of actual malice. Accordingly, they contend, because appellants issued a broad insurance policy to Corinthian that obligated them to pay any award of damages * * * caused by * * * any failure to comply with a right of a * * * nursing home resident under a state law regulating [nursing homes], and the jury found that Corinthian had violated Ms. Sprosty's statutory rights by failing to furnish adequate and appropriate care, appellants are obligated to pay any damages, including punitive damages, awarded by the jury to Ms. Sprosty.
We decline to consider these arguments, however, because the issue is moot. A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent. State ex rel. Ohio Adult Parole Authority v. Coniglio (1993), 82 Ohio App.3d 52, 54, citing County of Los Angeles v. Davis (1979), 440 U.S. 625, 631. A moot case involve[s] no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations. Culver v. City of Warren (1948), 84 Ohio App. 373, paragraph six of the syllabus.
Here, the parties to the Sprosty case settled their claims and dismissed the case with prejudice. Accordingly, there is no punitive damages claim still pending and, consequently, no punitive damages will be awarded to the Estate. Because no punitive damages will be awarded, there is no longer any genuine controversy regarding whether or not Hartford or Twin City are liable to pay any punitive damages awarded to the Estate. A decision regarding this issue would not have any legal effect on the parties and therefore, the issue is moot.
It is not the duty or the responsibility of the court to answer moot questions. State v. Boysaw (1987), 40 Ohio App.3d 173,174. Therefore, we overrule appellants' assignment of error and dismiss this appeal.
It is, therefore, ordered that appellee recover from appellants their costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
SPELLACY, J. and ROCCO, J., CONCUR.
[1] Effective July 7, 1998, the General Assembly amended R.C.3721.17(I) to require the traditional showing of actual malice in order to recover punitive damages.
[2] Chapter 3937 of the Ohio Revised Code regulates casualty insurance and motor vehicle insurance. R.C. 3937.182(B) provides:
 No policy of automobile or motor vehicle insurance that is covered by sections 3937.01
to 3937.17 of the Revised Code * * * and that is issued by an insurance company licensed to do business in this state, and no other policy of casualty or liability insurance that is covered by sections 3937.01 to 3937.17 of the Revised Code and is so issued, shall provide coverage for judgments or claims against an insured for punitive or exemplary damages.